Shae BADGER, Appellant,

v.

James Stinson SYMON, Appellee.

No. 01–82–0354–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 1, 1983.

Rehearing Denied Dec. 8, 1983.

**164**

Gordon Davenport, Houston, for appellant.

Henry Giessel, Houston, for appellee.

Before LEVY, JACK SMITH and DUGGAN, JJ.

## OPINION

LEVY, Justice.

Appellant brought this suit for damages based on personal injuries she received from a one-car accident in which she was a passenger in appellee's pickup.

On September 5, 1980, appellant and appellee left Alvin, Texas, and traveled in appellee's pickup to New Braunfels. During this trip, appellant consumed at least five beers, appellee consumed eight beers, and they shared equally from two to four marihuana cigarettes. Approximately one mile from the intended campsite in New Braunfels, appellee cut through a curve and crossed the center line of the road. When he swerved to avoid an oncoming car, appellee hit an embankment on his side of the road, lost control, and then rolled the pickup. From this accident, appellant claims she received certain back injuries. Appellant's doctor testified that her injury appeared to be a protruding disc in the lower back area. Appellant testified that although she has been able to work since the accident, she gets "a catch in her back" about twice a week, is in pain, and desires corrective surgery.

The jury allocated the negligence percentages on a 60–40 basis and found total damages to be $8,500.00. After making a percentage reduction for appellant's negligence and giving credit for an amount previously paid, the trial court entered judgment for appellant in the amount of $2,600.00. Appellant raises three points of error.

■ In her first point of error, appellant contends that the trial court erred in admitting evidence of prior acts of the parties. Appellee testified, without objection, that he and appellant had consumed beer and smoked marihuana together before this occasion. Appellant also testified, without objection, that she and appellee had drunk beer and smoked marihuana on four or five dates prior to this accident. Appellee's contention is that there was no error in admitting such testimony because it bore on the questions of appellant's contributory negligence and her knowledge of unlawful intent to violate related statutes.

Any error, however, was waived by appellant's failure to object to similar testimony from another witness.

> If the trial court erred in admitting [the witness's] testimony, City's objection to it was waived for failure to object to similar evidence later introduced by appellee. An objection to evidence is waived by permitting other witnesses to testify without objection to the evidence complained of.

*City of Houston v. Riggins,* 568 S.W.2d 188 (Tex.Civ.App.—Tyler 1978, writ ref'd n.r.e.). See also *Medina Electric Cooperative, Inc. v. Ball,* 368 S.W.2d 227 (Tex.Civ.App.—San Antonio 1963, no writ).

■ It is well settled that admission of improper testimony is waived when testimony to the same effect has been permitted without objection. *Slayden v. Palmo,* 108 Tex. 413, 194 S.W. 1103 (1917); *Brown v. Dale,* 395 S.W.2d 677 (Tex.Civ.App.—Amarillo 1965, writ ref'd n.r.e.); *Columbia Engineering International v. Dorman,* 602 S.W.2d 72 (Tex.Civ.App.—Beaumont 1980, writ ref'd n.r.e.). Even the trial court's admission of evidence over objection is deemed to be harmless where the objecting party subsequently permits the same or

similar evidence to be introduced without objection. *Slayden v. Palmo, supra; Craig v. Allen,* 556 S.W.2d 644 (Tex.Civ.App.—Tyler 1977, writ ref'd n.r.e.). The first point of error is overruled.

Appellant next contends that the trial court erred in submitting a criminal accomplice instruction. Following the definitions, but before the special issues, the trial court submitted the following instruction in the charge to the jury:

When an offense is actually committed by one or more persons, but others are present, and knowing the unlawful intent, aid by acts or encourage by words those actually engaged in the commission of the unlawful act, such persons so aiding, encouraging, or keeping watch are principal offenders.

Any person who advises or agrees to the commission of an offense and who is present when the same is committed is a principal whether he aid or not in the illegal act.

Appellant contends that because the criminal accomplice instruction did not relate to any special issue, it was improper to include it. Even if it was related to any of the special issues, appellant also contends that it was error to place the instruction before all of the issues.

Rule 277, Tex.R.Civ.P., provides that the court "shall submit such explanatory instructions and definitions as shall be proper to enable the jury to render a verdict . . ." An instruction or definition is "proper" if it finds support in any evidence of probative value or in the reasonable inferences that may be drawn therefrom, and if it might be of some aid or assistance to the jury in answering the issues submitted. *Mejia v. Liberty Mutual Insurance Co.,* 544 S.W.2d 690 (Tex.Civ.App.—Houston [14th Dist.] 1976, no writ).

Whether the definitions and explanations are to be grouped at the beginning of the charge, before the first special issue, or are to be scattered through it, is a matter within the sound discretion of the trial judge. 3 McDonald, *Texas Civil Practice*

333, 334, § 12.14.4 (1970). In *Panhandle & Santa Fe Ry. Co. v. Walker,* 364 S.W.2d 433 (Tex.Civ.App.—Amarillo 1963, writ ref'd n.r.e.), the appellant complained of the arrangement of the charge in that the charge of exclusionary elements of damages was not arranged next to the damage issue to which it was applicable. The court found no error, so long as the exclusionary elements were in the charge, because it presumed that the jury had studied the entire charge.

Special instructions are authorized only when it is necessary to enable the jury to properly pass upon and render a verdict on the special issues. *Boaz v. White's Auto Stores,* 141 Tex. 366, 172 S.W.2d 481 (1943); *DeLeon v. Otis Elevator Company,* 610 S.W.2d 179 (Tex.Civ.App.—San Antonio 1980, writ ref'd. n.r.e.). Because the instruction in the case at bar was wholly irrelevant to *any* special issue, its content and conspicuous placement before *all* the issues necessarily operated as an implied prejudicial comment by the court that the appellant was guilty of criminal conduct and that the jury was adjudicating, not a question of civil negligence, but a dispute between two violators of the law. See a pertinent discussion in *Scott v. Atchison, T. & S.F.R. Co.,* 572 S.W.2d 273, 279–280 (Tex. 1978).

Accordingly, we conclude that this instruction was both unnecessary and harmful, and thus sustain appellant's second point of error.

In her final point of error, appellant contends that the trial court erred in overruling her motion for new trial because the jury's finding in special issue no. 17 that $1,000.00 was fair and reasonable' compensation for all "non-medical" damages was so against the great weight and preponderance of the evidence as to be manifestly unjust. Although it is deemed unnecessary to discuss this point in view of a new trial on all the issues, a brief discussion might be helpful to the parties on retrial.

The "non-medical" expense damages were grouped and submitted to the

jury in a single issue encompassing the six elements of past and future loss of wage earning capacity, loss of physical capacity, and physical pain and mental anguish. Rule 328, Tex.R.Civ.P., provides that new trials may be granted when the damages are manifestly too small or too large. There is no formula for the exact measurement of pecuniary compensation for physical pain or mental anguish or for future disability and medical expenses. These matters are for the jury, the trier of facts. *Greyhound Lines, Inc. v. Craig,* 430 S.W.2d 573 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.). Matters of pain and suffering are necessarily speculative, and it is peculiarly within the province of the jury to set the amount of such damages. See *Davis v. J.H. Rose Truck Lines, Inc.,* 578 S.W.2d 421, 423 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ), holding that a damage award was not inadequate. The appellate court is not authorized to substitute its judgment for that of the jury simply because the members might have reached a different conclusion on the facts. *Davis, supra.*

■ In conflict with appellant's testimony as to her pain and mental anguish, there was testimony presented that appellant was not presently taking medication, that there was no showing of any degeneration of the disc material in her back, and that there was a chance that the disc material could re-position itself. Furthermore, testimony was given that appellant has been able to obtain four different jobs since the employment that she held at the time of the accident, that appellant has been seen in two country-western dance halls, and was further observed to be dancing in one of those establishments. The objective medical tests showed that her injury was of a relatively minor nature. Considering all the evidence, we cannot say that the jury's award is shockingly inadequate. Appellant's third point of error is overruled.

The judgment of the trial court is reversed because of the erroneous submission of the "particeps criminis" instruction, and the cause is remanded for a new trial.