**BAKER MARINE CORPORATION and Huthnance Drilling Company, Appellant,**

v.

**Guadalupe HERRERA, Appellee.**

No. 13-84-317-CV.

Court of Appeals of Texas, Corpus Christi.

June 18, 1985.

Rehearing Denied Aug. 30, 1985.

Lev Hunt, Hunt, Hermansen, McKibben & Barger, Corpus Christi, for appellant.

Robert J. Patterson, Law Offices of Bob Patterson, Corpus Christi, for appellee.

Before NYE, C.J., and SEERDEN, and BENAVIDES, JJ.

OPINION

NYE, Chief Justice.

This is a personal injury case. Appellee brought suit against appellants and others for injuries he received while in the employ of a subcontractor of appellant Baker Marine. In response to the special issues, the jury found appellants liable for appellee's injuries and awarded appellee the sum of $199,000.00. We affirm.

Appellee was an employee of Industrial Electric Company of Texas. Industrial Electric was hired as a subcontractor by appellant Baker Marine Corp. (Baker) to assist in the construction of an offshore drilling platform for appellant Huthnance Drilling Corporation (Huthnance). On December 18, 1981, while working aboard the drilling rig in Baker's shipyard facility in Ingleside, Texas, appellee was struck across his lower left leg by a falling console cover. As a result of the accident, appellee suffered a broken leg and ankle. The console cover was a fabricated, steel device, resembling an inverted U. The cover was four feet, six inches high, ten inches wide, and four feet eleven inches long, weighing approximately 150 pounds. The device was caused to fall on appellee when an employee of Tetco Inc. lost his balance and attempted to steady himself by grabbing the console cover, which then fell on appellee. Tetco was made a defendant at trial but is not a party to this appeal.

In their first point of error, appellants complain of the failure of the trial court to realign the parties. Prior to the jury voir dire, counsel for appellants inquired as to whether or not there was an agreement between appellee and Tetco. Counsel for appellee told the court there was no agreement between his client and Tetco. Counsel for Tetco reiterated there was no agreement to settle the case but acknowledged he was not focusing his attention on the appellee and that the appellee had agreed not to focus his attention on Tetco. The court then told counsel for appellants that whatever relief he was seeking was denied. Counsel for appellants then objected to each of the parties (appellee and Tetco)

receiving the same number of strikes as his two clients combined. TEX.R.CIV.P. 233 provides:

Rule 233. Number of Peremptory Challenges

Except as provided below, each party to a civil action is entitled to six peremptory challenges in a case tried in the district court, and to three in the county court.

*Alignment of Parties.* In multiple party cases, it shall be the duty of the trial judge to decide whether any of the litigants aligned on the same side of the docket are antagonistic with respect to any issue to be submitted to the jury, before the exercise of peremptory challenges.

*Definition of Side.* The term "side" as used in this rule is not synonymous with "party," "litigant," or "person." Rather, "side" means one or more litigants who have common interests on the matters with which the jury is concerned.

*Motion to Equalize.* In multiple party cases, upon motion of any litigant made prior to the exercise of peremptory challenges, it shall be the duty of the trial judge to equalize the number of peremptory challenges so that no litigant or side is given unfair advantage as a result of the alignment of the litigants and the award of peremptory challenges to each litigant or side. In determining how the challenges should be allocated the court shall consider any matter brought to the attention of the trial judge concerning the ends of justice and the elimination of an unfair advantage.

■ It is appellants' argument that Rule 233 requires the Court, upon being made aware by counsel for appellee and Tetco that they were not going to focus their attention on each other, to equalize the jury strikes between the respective sides of the case. The rule requires the trial court to first align the parties before determining the question of jury strikes. However, since counsel for appellee stated he would seek a jury issue concerning defendant Tetco's liability these parties were clearly antagonistic and were entitled to separate jury strikes. *See, Shell Chemical Co. v. Lamb,* 493 S.W.2d 742 (Tex.1973); *Perkins v. Freeman,* 518 S.W.2d 532 (Tex.1974); *King v. Maldonado,* 552 S.W.2d 940 (Tex. Civ.App.—Corpus Christi, 1977, writ ref'd n.r.e.).

Next, the trial court was required, upon motion of any litigant, to equalize the number of challenges. Initially, we find no precise motion to equalize by the appellants in this record. The closest the record comes to such a motion is an argument by counsel for appellants that there was an agreement between appellee and Tetco which put them in alignment and affected the number of strikes Tetco was to receive. Counsel for appellants then asked the court to rule on the number of strikes each party was going to receive. He then stated he disagreed with the court granting appellee and Tetco the same number of jury strikes. At no point did the appellants request that the court equalize their number of strikes with those of appellee and Tetco.

■ Regardless of whether or not appellants waived their argument concerning the number of jury strikes, we find no error in the trial court's action in awarding jury strikes. As this Court held in *King v. Maldonado,* 552 S.W.2d at 944, the statute does not require an absolute equalization of strikes, only a fair distribution of strikes at the discretion of the trial court.[1] In *Patterson Dental Company v. Dunn,* 592 S.W.2d 914 (Tex.1980), the Supreme Court stated that exact numerical equality in the number of jury strikes between sides is not the purpose of the rule; rather, the prevention of an unfair trial is the purpose of the rule and the duty of trial court.[2] The appellants have not shown they were required to accept any otherwise unac-

---

1. Both *King v. Maldonado* and *Patterson Dental Company v. Dunn,* cited herein, involved the interpretation of art. 2151A which was repealed April 1, 1984 by Rule 233.

2. For an excellant overview of this subject see, Sheehan and Hollingsworth, *Allocation of Peremptory Challenges Among Multiple Parties,* 10 St.Mary's L.J. 511 (1979).

ceptable jurors nor does the record reflect that any of the twelve jurors were disqualified or prejudiced against the appellants. We find no abuse of discretion by the trial court. Appellants' first point of error is overruled.

■ In their second point of error, the appellants complain that the trial court erred in permitting appellees to introduce into evidence certain Occupational Safety and Health (OSHA)[3] regulations. As part of his case, appellee called as a witness Charles Allen, Safety Director for appellant Baker. On cross-examination by counsel for appellants, Mr. Allen responded to a question by appellants' counsel that there were different rules and regulations that Baker had to follow. On redirect examination, counsel for appellee inquired as to whether or not the rules and regulations referred to included OSHA Regulations. After Mr. Allen responded affirmatively, appellees counsel had him read the regulation which was applicable to the construction project in question.

Without regard to the question of whether or not appellants had opened the door for this line of testimony, we find no error in its admission. "OSHA Regulations are admissible into evidence as being relevant to the standard of conduct which should have been employed by defendant." *Kraus v. Alamo National Bank*, 586 S.W.2d 202, 208 (Tex.Civ.App.—Waco 1979) affirmed 616 S.W.2d 908 (Tex.1981). Despite appellants' prolonged protestations and authorities to the contrary in their brief, we find this to be the applicable rule of law in Texas. All of appellants' authorities deal with causes of action brought for violations of those OSHA regulations. In the case at bar, no such recovery was sought by appellee. Rather, the evidence was introduced for the purpose of establishing a standard of conduct to serve as a basis for a negligence cause of action. There is overwhelming evidence in the record that the failure to secure the console guard was a negligent act, and the testimony concerning the OSHA regulations only

provided statutory reinforcement to the obvious common-law standard applicable to the appellants. Appellants' second point of error is overruled.

■ In their third and fourth points of error, the appellants complain of the action of the trial court in admitting the testimony of two witnesses concerning their opinion as to the proper safety practices concerning the offending console guard. John Galleo, a salesman for Tetco, testified the guard could easily fall over and that it was a normal practice during drilling rig construction to secure items that could tip over or roll. Floyd Kilgore, Baker's project superintendent, also testified that the console cover looked top-heavy, and it was the normal practice to secure objects which could fall over.

With regard to appellants' objections concerning the admission of this evidence, we find no error in its admission because it was merely cumulative of the testimony of other witnesses whose testimony was not objected to by appellants. TEX.R.CIV.P. 434. Appellee's witnesses, Charles Allen, Bill Walton, and Evan White, also testified that either the cover was top-heavy or that it should have been secured. "[T]he admission of incompetent evidence does not constitute reversible error when there is other evidence in the record on the same question." *Mandril v. Kasishke*, 620 S.W.2d 238, 249 (Tex.Civ.App.—Amarillo 1981, writ ref'd n.r.e.); *See Badger v. Symon*, 661 S.W.2d 163 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.); *Ford Motor Company v. Nowak*, 638 S.W.2d 582 (Tex.App. —Corpus Christi 1982, writ ref'd n.r.e.). Appellants' points of error three and four are without merit and are overruled.

■ In point of error number five, the appellants take issue with the trial court's admission of certain testimony by Pat Alba. Mr. Alba was appellee's expert witness on job rehabilitation. Mr. Alba was permitted, over the objection of appellants' counsel, to testify that, because of his disa-

---

**3.** Act 29 U.S.C.A. § 651 *et seq.*

bilities, the appellee would never be able to return to his prior job duties and that appellee would not fully recover from his injury. It is the appellants' position that this opinion testimony by Mr. Alba was outside the scope of his expertise and therefore inadmissible.

TEX. R. EVID. 702 provides:

"If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."

The record indicates that Mr. Alba was a highly qualified rehabilitation counselor who was thoroughly familiar with the appellee's injuries, job skills, and employment potential. Much of Mr. Alba's job responsibility was to evaluate clients' disabilities and to locate employment commensurate with these disabilities. As a general rule, it is discretionary with the trial court as to whether or not an expert witness is qualified to testify as to certain facts. *Texas Steel Company v. Recer*, 508 S.W.2d 889 (TexCiv.App.—Fort Worth 1974, writ ref'd n.r.e.). Clearly, Mr. Alba was qualified to testify as to the effect of appellee's disability on his returning to his prior line of work.

■ Mr. Alba was not qualified, however, to testify as to the *future medical* consequences the appellee would suffer. This testimony required a degree of medical expertise far beyond the demonstrated qualifications of Mr. Alba. The trial court clearly erred in denying appellants' counsel's objection to this opinion testimony. The error is rendered harmless, however, because of the prior testimony of Dr. Avila, appellee's medical expert and treating physician. TEX. R. CIV. P. 434. Dr. Avila testified that, as a result of his injury, the appellee's condition would continue to deteriorate. Therefore, the inadmissible testimony of Mr. Alba was merely cumulative of prior unobjected to, admissible testimony and was therefore harmless. *Badger v. Symon*, 661 S.W.2d 163 (Tex.App.—Hous-

ton [1st Dist.] 1983, writ ref'd n.r.e.); *Ford Motor Company v. Nowak*, 638 S.W.2d 582 (Tex.App.—Corpus Christi, 1982, writ ref'd n.r.e.).

In their final point of error, the appellants complain of the sufficiency of the evidence to support the jury finding of damages for past and future physical impairment and future medical expenses. In response to Special Issue Number Three, Sections E, F, and H, the jury found that appellee had suffered $7,500 damages for past physical impairment; would suffer $25,000 in future physical impairment and $10,000 in future medical expenses.

■ In considering a "no evidence" or "insufficient evidence" point of error, we will follow the well established test set forth in *Glover v. Texas General Indemnity Company*, 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar*, 395 S.W.2d 821 (Tex. 1965); *Allied Finance Company v. Garza*, 626 S.W.2d 120 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.); CALVERT, *No Evidence and Insufficient Evidence Points of Error*, 38 Tex.L.Rev. 361 (1960). As this Court stated in *Browning v. Paiz*, 586 S.W.2d 670 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.):

"As a general rule, in order to be entitled to the submission, as a separate element of damages impaired physical capacity other than the capacity to work and earn money, the plaintiff must sustain the burden of proving that the effect of his physical impairment extends beyond any impediment to his earning capacity and beyond any pain and suffering to the extent that it produces a separate and distinct loss that is substantial and for which he should be compensated."

In short, there must be some evidence that the plaintiff has suffered an additional loss beyond that of lost earning capacity and beyond that of pain and suffering. While we find adequate evidence to support the jury's findings as to impaired earning capacity and pain and suffering, there is very little evidence of any impairment the appellee suffered beyond impediment to his earning capacity and beyond his pain and

suffering. However, we cannot substitute our judgment for that of the jury where there is some evidence to support the same.

Finally, appellants challenge the sufficiency of the evidence to support the jury's award of future medical expenses.

> The award of future medical expenses is a matter about which no precise evidence is required, it being a matter particular for the jury, and is one upon which the jury may make its award based upon the nature of the injuries, the medical care rendered before trial, and the condition of the injured party.

*Armellini Express Lines of Florida v. Ansley,* 605 S.W.2d 297, 311 (Tex.Civ.App. —Corpus Christi 1980, writ ref'd n.r.e.). Having carefully reviewed the record in this cause, we find there is sufficient evidence to support the jury findings on both the future physical impairment and future medical expenses.

The judgment of the trial court is AFFIRMED.