**Mary La Juana PERRY, Appellant,**

v.

**SAFECO INSURANCE COMPANY,
Appellee.**

No. 01–90–00574–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 7, 1991.

Rehearing Denied Nov. 27, 1991.

Larry Watts, Houston, Roger W. Hughes, Harligen, for appellant.

M. Karrine McCullough, Howell E. Stone, Houston, for appellee.

Before SAM BASS, DUNN and HUGHES, JJ.

## OPINION

SAM BASS, Justice.

Appellant, Mary La Juana Perry, sued appellee, Safeco Insurance Company, for alleged violations of the Texas Insurance Code and breach of the duty of good faith and fair dealing related to a claim filed under her homeowner's policy. The jury found that Safeco was not negligent in handling her claim and that Safeco exercised good faith in the investigation. However, the jury further found that Safeco failed to effect a reasonable settlement once liability was clear and awarded Perry $20,503.25 for physical pain and mental anguish. The trial court rendered judgment based on the jury's answers. Perry appeals from the trial court's denial of her motion for mistrial and motion for new trial predicated on jury misconduct and the inadequacy of the damages.

We affirm.

On November 5, 1982, Perry's house was damaged by fire, and she reported the fire to Safeco the next business day. The adjuster informed her that she could not begin cleaning the house until Safeco completed its investigation. She requested that Safeco move her out of the house during this time, but the adjuster told her that she had a duty to protect the property while Safeco determined whether to pay her claim.

The adjuster allowed Perry to begin cleanup on November 12, 1982. She testi-

fied that she did all of the cleaning herself. Perry, who suffered polio as a child, contends that the heavy cleaning resulted in post-polio syndrome, which caused the return of many of the polio symptoms she had overcome.

In late November 1982, the adjuster told Perry that she would be covered. Safeco informed Perry that it would not renew her policy when it expired in March 1983. Safeco still had not paid Perry at this time. In April 1983, Perry filed a complaint with the state insurance board. Safeco subsequently paid her $17,000 for repairs to her home and offered her $150 per week additional living expenses. In July 1983, Safeco paid her approximately $54,000 to cover contents and cleaning, $5,100 for house damage, and an additional $2,200 for repairs.

In her first point of error, Perry asserts that the trial court erred in overruling her motion for mistrial and motion for new trial. She contends that prejudicial jury conduct occurred that required her motions to be granted.

■■■ To obtain a new trial on the basis of jury misconduct, the complaining party must show (1) that the misconduct occurred, (2) that it was material, and (3) that the misconduct resulted in harm. *Redinger v. Living, Inc.*, 689 S.W.2d 415, 419 (Tex.1985). A motion for new trial based on jury misconduct must be supported by a juror's affidavit alleging that outside influences affected the jury's decision. *Weaver v. Westchester Fire Ins. Co.*, 739 S.W.2d 23, 24 (Tex.1987). The Rules of Civil Procedure and the Rules of Civil Evidence pertaining to jury misconduct allow jurors to testify only about whether any outside influence was brought to bear upon any juror. Tex.R.Civ.Evid. 606(b); Tex.R.Civ.P. 327(b).

Perry cited four examples of "outside influence" in her motion for mistrial, and she supported these examples with affidavits from members of the jury. The claimed outside influences were:

1. The juror named Phil used his own notes to persuade other members of the jury to change their opinions.

2. Phil used a published article which had been mentioned during the trial, but not offered into evidence, to argue for a particular result.

3. The juror named Bill was influenced by his family's desire to go to Astroworld; thus, he coerced jury members into quickly reaching a verdict.

4. Bill went to a dictionary after the jury had recessed for the first day to retrieve a definition of the term "negligence."

■ The conduct of the jurors, however improper, is not the issue before this Court. The issue is whether the jurors' post-trial affidavits and testimony regarding appellant's allegations is admissible to show that the verdict is not valid. Jurors may not testify to any matter or statement occurring during the course of the jury's deliberations, unless the testimony concerns outside influence which affected the decision. Tex.R.Civ.P. 327(b); Tex.R.Civ.Evid. 606(b).

■ Neither the Rules of Civil Procedure nor the Rules of Civil Evidence define "outside influence." Caselaw has defined the term narrowly, however. "Outside influence" must emanate from outside the jury and its deliberations. *Robinson Elec. Supply Co. v. Cadillac Cable Corp.*, 706 S.W.2d 130, 132 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). "To constitute outside influence the source of the information must be one who is outside the jury. Information gathered by a juror and introduced to other jurors by that juror—even if it were introduced to prejudice the vote—does not constitute outside influence." *Baley v. W/W Interests, Inc.*, 754 S.W.2d 313, 316 (Tex.App.—Houston [14th Dist.] 1988, writ denied).

The four examples cited by Perry in her motion are not "outside influence." Members of the jury provided the notes taken during the trial, the magazine article, and the dictionary definition. Further, the coercive influence of one juror upon the rest of the panel is not "outside influence." Proof of coercive statements and their effect on the jury is barred by the rules. *Daniels v. Melton Truck Lines, Inc.*, 704 S.W.2d 142, 145 (Tex.App.—Eastland 1986, writ ref'd n.r.e.).

We overrule Perry's first point of error.

■ In her second point of error, Perry claims that the trial court erred in overruling her motion for new trial because the evidence established as a matter of law, or alternatively, that the great weight and preponderance of the evidence proves that her damages for mental anguish and pain and suffering are greater than $20,503.25. Perry asserts in her third point of error that the trial court erred in failing to grant her motion for new trial because the jury's answer to question seven is inadequate and shows that the damages are manifestly unjust and the product of bias.

In reviewing legal insufficiency points of error, the appellate court considers only the evidence and inferences that tend to support the finding. *Davis v. City of San Antonio*, 752 S.W.2d 518, 522 (Tex.1988). If there is any evidence of probative force to support the finding, the point must be overruled. *Sherman v. First Nat'l Bank*, 760 S.W.2d 240, 242 (Tex.1988). In reviewing a factual sufficiency challenge, the appellate court considers all of the evidence and sets aside the verdict only if the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986).

Juries must have great latitude in determining the measure of damages in a personal injury case. *Houser v. Sunshine Laundries and Dry Cleaning Corp.*, 438 S.W.2d 117, 118 (Tex.Civ.App.—San Antonio 1969, writ ref'd n.r.e.). Amounts awarded for physical pain and mental anguish are necessarily speculative and within the province of the jury. *Tri–State Motor Transit Co. v. Nicar*, 765 S.W.2d 486, 489 (Tex.App.—Houston [14th Dist.] 1989, no writ). There is no formula for the exact measurement of pecuniary compensation for physical pain or mental anguish or for future disability and medical expenses. These are matters for the trier of fact. *Badger v. Symon*, 661 S.W.2d 163, 166 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.).

The case at bar is distinguishable from the cases cited by Perry, which had been reversed because of insufficiency of damages. In the cases upon which Perry relies, the damage awards were not enough to cover past medical expenses. *Qualls v. Miller*, 414 S.W.2d 746, 752 (Tex.Civ.App.—Texarkana 1967, writ dism'd); *Downing v. Uniroyal, Inc.* 451 S.W.2d 279, 283 (Tex.Civ.App.—Dallas 1970, no writ); *Taylor v. Head*, 414 S.W.2d 542, 544 (Tex.Civ.App.—Texarkana 1967, writ ref'd n.r.e.).

The jury in this case found that Safeco had proximately caused physical pain and mental anguish to Perry. In question seven, the jury awarded her $20,503.25. The jury heard no evidence regarding past or future medical expenses. The award of damages was within the province of the jury. Thus, we should not substitute our judgment for that of the trier of fact.

Appellant's second and third points of error are overruled.

The judgment of the trial court is affirmed.