In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-02-00882-CV
____________

NEWTON B. SCHWARTZ, SR., Appellant

V.

FOREST PHARMACEUTICALS, INC., AND KRISTEN WILSON-WOODCOX, Appellees






On Appeal from the County Court at Law Number One
Harris County, Texas
Trial Court Cause No. 743, 922




O P I N I O NAppellant, Newton B. Schwartz, Sr., sued appellees, Kristen Wilson-Woodcox
and Forest Pharmaceuticals, Inc. (“Forest”), seeking damages for personal injuries
allegedly sustained when the car Wilson-Woodcox was driving ran into the car driven
by Schwartz. The case was tried to the jury, which returned a take-nothing judgment. 
In four points of error, Schwartz contends that: (1) the evidence is legally and
factually insufficient to support the jury’s finding that Wilson-Woodcox and Forest
were not negligent and that he had not sustained compensable injuries as a result of
the accident; (2) the trial court erred by admitting (a) evidence of his litigious
character and of a State Bar suspension and (b) photographs of the car Schwartz was
driving when the accident occurred; and (3) the trial court erred in limiting the
amount of time he had to argue his case. We affirm.
Background
          On June 7, 2000, at approximately 9:00 a.m., Schwartz and Wilson-Woodcox
were involved in a minor car accident. Schwartz had come to a complete stop at a red
light at the intersection of Greenbriar and US Highway 59 in Houston, Texas. 
Wilson-Woodcox was at a complete stop behind Schwartz when she accidentally
spilled a cold beverage on her lap, whereupon her foot slipped off the brake and
caused her car to hit the back of Schwartz’s car. Schwartz filed suit claiming that
Wilson-Woodcox was negligent and that such negligence caused his personal
injuries.
          When the accident occurred, Wilson-Woodcox was working for Forest as a
pharmaceutical territory sales representative. Schwartz sued Forest under a theory
of respondeat superior and negligent entrustment. 
Sufficiency of the Evidence
Standard of Review
          In his first point of error, Schwartz contends that the evidence is legally and
factually insufficient to support the jury’s finding that Wilson-Woodcox and Forest
were not negligent and that he should not be compensated for injuries, if any, that
resulted from the incident. In reviewing a legal insufficiency point, we consider only
the evidence and inferences that, when viewed in their most favorable light, tend to
support the finding, and disregard all evidence and inferences to the contrary. Havner
v. E-Z Mart Stores, Inc., 825 S.W.2d 456, 458 (Tex. 1992); Frost Nat. Bank f/k/a Nat.
Bank of Commerce v. Heafner, 12 S.W.3d 104, 109 (Tex. App.—Houston [1st Dist.]
1999, pet. denied). If there is any evidence of probative force to support the finding,
we uphold the finding. Sherman v. First Nat’l Bank, 760 S.W.2d 240, 242 (Tex.
1988); Heafner, 12 S.W.3d at 109. That is, if there is more than a scintilla of
evidence, we will not overturn the jury’s finding. Sherman, 760 S.W.2d at 242;
Heafner, 12 S.W.3d at 109.
          In reviewing factual sufficiency, we consider and weigh all of the evidence; we
will set aside the verdict only if the evidence is so weak or the finding so against the
great weight and preponderance of the evidence that it is clearly wrong and unjust. 
Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986); Heafner, 12 S.W.3d at 109. We will
not substitute our opinion for that of the trier of fact. Id. Negligence of Wilson-Woodcox
          To prevail on a negligence claim, Schwartz was required to prove all three of
the following: (1) Wilson-Woodcox owed a legal duty; (2) she breached that duty;
and (3) the breach proximately caused his injuries. Van Horn v. Chambers, 970
S.W.2d 542, 544 (Tex. 1998); Prime Products, Inc. v. S.S.I. Plastics, Inc., 97 S.W.3d
631, 635 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). Proximate cause
requires that the negligent act or omission was (1) a cause-in-fact of the injury, i.e.,
a substantial factor in bringing about the injury and without which it would not have
occurred, and (2) foreseeable, i.e., a person of ordinary intelligence should have
anticipated the danger created by the negligent act or omission. Doe v. Boys Club,
Inc., 907 S.W.2d 472, 477-78 (Tex. 1995).Proximate Cause of Injury
          Schwartz testified as follows: He was stopped at a red light at an intersection
when Wilson-Woodcox’s car hit his car at a rate of approximately 10 m.p.h. and the
impact caused his car to be knocked forward, through the pedestrian crossing, and
into the oncoming traffic. He sought compensation for his medical bills, lost time,
pain and suffering, and mental anguish. He paid $1,700 in medical bills for treatment
and exams. He grosses between $600 and $1500 per hour; he spent about nine and
one-half hours at the doctor and therapist. After the accident, he “didn’t feel
particularly bad, just little dazed,” and he went to his law office after the accident and
started his regular work routine. That afternoon he had a headache that “wasn’t a big
deal,” and “wasn’t bad.” The following day, however, the pain got worse. 
Eventually, after seven weeks, he began to feel better, and he did not suffer
permanent physical injury. He suffered mental anguish when his car was knocked
into the intersection into oncoming traffic, because it was a “frightening experience.” 
          Wilson-Woodcox testified as follows: She came to a complete stop behind
Schwartz’s car at the red light. She then picked up a Coke from the cup holder, took
a sip, and tried to put it back into the cup holder while looking at the car in front of
her. She missed the holder and spilled the cold drink in her lap. This event caused
her to jump and take her foot off of the brake. Although her car rolled forward and
tapped Schwartz’s bumper, the impact did not cause Schwartz’s car to roll into the
intersection. Immediately after the accident, Wilson-Woodcox and Schwartz got out
of their cars and exchanged a few words. Schwartz was “quite the charmer,” and he
said he was fine and was grinning from ear to ear. Schwartz did not seem to be too
concerned about the incident. Both drivers then got back into their cars, drove to the
parking lot of Stahlman Lumber Company, talked again, and exchanged information. 
Wilson-Woodcox did not call the police because she did not consider the incident to
be an accident, as there was no property damage to either car.
          We conclude that there is more than a scintilla of evidence to support the
finding that Schwartz did not suffer any injuries proximately caused by Wilson-Woodcox. Furthermore, the evidence is not so weak nor is the finding so against the
great weight and preponderance of the evidence that it is clearly wrong and unjust. 
Schwartz presented evidence that is inconsistent with the jury’s finding, but the jury
is the sole judge of the credibility of the witnesses and the weight to be given their
testimony. Jones v. Tarrant Util. Co., 638 S.W.2d 862, 866 (Tex. 1982). The trier
of fact may resolve conflicts and inconsistencies in the testimony of any one witness
as well as the conflicting testimony of different witnesses. Webb v. Jorns, 488
S.W.2d 407, 411 (Tex. 1972). This Court cannot substitute its judgment or its
opinion for that of the jury. Lofton v. Tex. Brine Corp., 720 S.W.2d 804, 805 (Tex.
1986). Because there is more than a scintilla of evidence to support the finding that
Schwartz did not suffer any injuries proximately caused by Wilson-Woodcox, he is
unable to recover on his negligence claim. Van Horn v. Chambers, 970 S.W.2d 542,
544 (Tex. 1998); Prime Products, Inc. v. S.S.I. Plastics, Inc., 97 S.W.3d 631, 635
(Tex. App.—Houston [1st Dist.] 2002, pet. denied).
Negligent Entrustment of a Motor Vehicle
          To prevail on his negligent entrustment claim, Schwartz was required to prove
the following: (1) Forest entrusted its vehicle to Wilson-Woodcox; (2) Wilson-Woodcox was an unlicensed, incompetent, or reckless driver; (3) Forest knew or
should have known that Wilson-Woodcox was unlicensed, incompetent, or reckless;
(4) Wilson-Woodcox was negligent on the occasion in question; and (5) Wilson-Woodcox’s negligence proximately caused his injuries. See Schneider v. Esperanza
Transmission Co., 744 S.W.2d 595, 596 (Tex. 1987). 
          Because we have concluded the evidence was legally and factually sufficient
to support the jury’s finding that Schwartz did not suffer any injuries proximately
caused by Wilson-Woodcox, and because Schwartz cannot succeed on a negligent
entrustment claim without proving that her negligence proximately caused his
injuries, we conclude that the evidence was legally and factually sufficient to support
the finding that Forest was not negligent.
Respondeat Superior 
          Schwartz argues that Forest is liable under the doctrine of respondeat superior. 
This doctrine holds that a master liable for the torts of his servant committed in the
course of the servant's employment. Newspapers, Inc. v. Love, 380 S.W.2d 582, 589
(Tex.1964). It is a policy doctrine that comes into play following a finding of
liability. Duff v. Yelin, 721 S.W.2d 365, 370-71 (Tex. App. – Houston [1st Dist.]
1986) aff’d, 751 S.W.2d 175 (Tex. 1988). Because the evidence does not support
holding Forest’s employee liable to Schwartz for his alleged injuries arising from this
incident, and because Schwartz cannot succeed on a his theory of respondeat superior
without establishing that he is entitled to recover against Forest’s employee, we
conclude that the evidence was legally and factually sufficient to support the finding
that Forest was not liable to Schwartz under the doctrine of respondeat superior.
          Accordingly, we overrule Schwartz’s first point of error.
Admission of Evidence
Litigious Character and State Bar Grievance
          In his second point of error, Schwartz contends that the trial court erred by
admitting evidence of his litigious character and State Bar suspension.
Litigious Character
          To preserve error for appeal, Schwartz was required to make a timely, specific
objection at the earliest possible opportunity. Tex. R. App. P. 33.1. Failure to object
in a timely and specific manner during trial forfeits complaints about the admissibility
of evidence. Atlantic Richfield Co. v. Misty Products, Inc., 820 S.W.2d 414, 421
(Tex. App.—Houston [14th Dist.] 1991, writ denied).
          It was incumbent upon Schwartz to object before the trial court received
testimony about his litigious character. Id. Schwartz did not object to the admission
of this evidence until after he had been asked about several different lawsuits that had
been filed on his behalf and after he had given substantial testimony about them. The
following discussion occurred on the record:
[Defense counsel]: ... I am referring to you as a plaintiff.
[Schwartz]: Oh, how many suits have I filed in 20 years?
[Defense counsel]: Yes, sir, I think your lawyer mentioned
that in business you have litigation and things that come
up?
 
[Schwartz]: He mentioned it because you were going to go
into it, and he wanted me to bring it out first which he did
briefly.
          In the apartment business when we built apartments,
we had that started in 1968 and went to 1980 something I
am sure. I can’t remember them all, but that’s within
maybe not the 20 years that you gave me a limit but in 20
years since 1982.
          I saw the list that your representative had there; but
very few of them since then; but if you read the names, I
will see if I can remember...
 
[Defense counsel]: I am sorry. You saw what list?
 
[Schwartz]: The lady that was out there who gave us a list
that you had every suit that I have been involved in going
back 35 years. She had a list of them...
 
[Defense counsel]: Have you ever sued your dentist?
 
[Schwartz]: My dad?
 
[Defense counsel]: Your dentist.
 
[Schwartz]: Ronald Harrison for malpractice, dental
malpractice, yes. We settled it.
 
[Defense counsel]: Have you ever sued the dental, I guess,
a bridge maker for your dental?
 
[Schwartz]: No. Harrison was a $5,000 settlement 20 years
ago...
 
[Defense counsel]: Have you ever sued Nissan motors [sic]
over a warranty? 
 
[Schwartz]: My son rolled over in a Pathfinder. . . . My son
has the same name as me...
 
[Defense counsel]: You personally have never sued Nissan
cars?
 
[Schwartz]: If they make a Pathfinder, that’s my son. I told
him if he gotten [sic] the movie rights because he rolled it
over four times. I said Evil Knievel gets a million dollars. 
Why didn’t he get the contract ahead of time. He didn’t
think it was very funny.
 
[Defense counsel]: I am sorry, Mr. Schwartz.
 
[Schwartz]: Yes, sir.
[Defense counsel]: Have you ever sued Sheri Marek or
Kelly Pool?
 
[Schwartz]: Sheri Marek if you can tell me who she is. 
Vaguely I think that was an employee of ours under her
married name, but she has called me for references since
then. Mr. Pool or Ms. Pool, that’s what I - - who I think - -
what year is that one? That may help a little bit.
 
[Defense counsel]: It’s Newton B. Schwartz, P.C.
 
[Schwartz]: My P.C. hasn’t even been active or in
existence for 12 or 13 years. That would have been at least
13 years ago. That’s the only Sheri Marek, and I thought
that we were friends because I have given her
recommendations.
 
[Defense counsel]: You had mentioned a lawyer by the
name of Cortigene?
 
[Schwartz]: Seth Cortigene. He is associated with Mr.
Berger and I, and me in some cases and all three of us in
some.
 
 
[Defense counsel]: Have you ever sued their law firm?
 
[Schwartz]: Not him, his ex-partner, Scott Loynd. We had
a suit over when we settled a case involving eight Hispanic
Americans who were killed in a truck wreck near Seguin,
Texas; and Scott Loynd didn’t want to pay us our part of
the fee for the cost. So we sued Scott Loynd and Seth was
no longer a partner. He was not in it. If that’s the case. 
That’s the one it is. Scott and I are friends now...
 
[Defense counsel]: And you were the plaintiff in that?
 
[Schwartz]: Yes. We sued to get our fee, and we got it.
 
[Defense counsel]: Have you ever sued Daniel Jay
Goldberg and Daniel Jay Goldberg & Associates?
 
[Schwartz]: Yes.
 
[Schwartz’s counsel]: Your Honor, I object to the repetitive
and [sic] cumulative and relevance.
 
[The Court]: The character of Mr. Schwartz has been
injected into this, and I will give him the opportunity to
explain his side on these things.
 
[Schwartz]: Will you like me to tell you what it was about?
 
[Defense counsel]: I just asked if you have sued him?
 
[Schwartz]: Yes . . .
 
By failing to object in a timely fashion, Schwartz failed to preserve error on this point 
Id. Moreover, any error in admitting evidence is cured where the same evidence
comes in elsewhere without objection. Badger v. Symon, 661 S.W.2d 163, 164 (Tex.
App. – Houston [1st Dist.] 1983, writ ref’d n.r.e.). Schwartz neither received a
running objection to this evidence nor did he receive a ruling outside of the presence
of the jury pursuant to Tex. R. Evid. 103(a)(1).


 After the trial court overruled
Schwartz’s objection, Schwartz was asked and answered questions without objection
about lawsuits against Vito Saccheri, Whaledent International, William Harmening,
Charles Steweart, Joe Coddington, United States Fire Insurance Company, U.S.
Interstate District, Inc., Frank Stewart and Wilmer Dean Pinder, Airborne Medical
Services, Inc., Donald Esacove, John Thomas Rucker Fulghum, Vince Tarleton and
additional questions about a suit against Nissan, Cortigene, and Goldberg. 
          Schwartz objected to questions regarding his lawsuit against Vince Tarleton,
and he also objected to defense counsel’s interrupting him before answering defense
counsel’s questions regarding his lawsuit against Charles Stewart. He urged as a
basis for his objection regarding the lawsuit against Vince Tarleton that “the question
is dealing with a professional corporation which is not a party to the suit.” Although
Schwartz did object to this testimony, the point of error on appeal must comport with
the complaint raised in the trial court. See Borden, Inc. v. Guerra, 860 S.W.2d 515,
525 (Tex. App. – Corpus Christi 1993, writ dism’d by agr.). Because the basis for his
objections that Schwartz gave to the trial court differed from the basis Schwartz urges
on appeal, Schwartz failed to preserve error. Id.
          We overrule Schwartz’s second point of error regarding the admission of his
litigious character.State Bar Grievance
          Schwartz failed to object to the admission of evidence regarding his State
Bar suspension. The following discussion occurred on the record:
[Defense counsel]: Have you ever been suspended?
 
[Schwartz]: For 60 days once 13 years ago. I voluntarily
took a 60 day suspension for failing to supervise my staff. 
No client has ever sued me for malpractice until this year,
and its really not a malpractice case. In 48 years and no
client ever lost a nickel; but we were trying the Asian [sic]
Orange in New York; and my bookkeeper failed to
supervise the staff - - not the bookkeeper. I offered to take
that same 60 days in July and August so I could get off of
work; but they wouldn’t agree to give it to me at one time
so I wouldn’t have to work in July and August.
 
[Defense counsel]: We all would like to do that.
 
[Schwartz]: Absolutely.
 
Schwartz did not make a timely objection and, therefore, he did not preserve error. 
Tex. R. App. P. 33.1. 
          We overrule Schwartz’s second point of error regarding his State Bar
suspension.
Photograph of Schwartz’s Car
          In his third point of error, Schwartz contends that the trial court erred in
admitting photographs of the car Schwartz was driving when the accident occurred. 
Specifically, Schwartz contends that the trial court erred in admitting the photographs
because they were irrelevant and because they were inadmissible pursuant to Rule
403 of the Texas Rules of Evidence.


 Schwartz argues that the photographs were
irrelevant and, if relevant, were of little probative value, because he did not own the
car and he was not suing for property damage to the car.
          In a pretrial hearing, the court considered the admissibility of the photographs. 
The trial court stated that it would admit the pictures into evidence to show the point
of where Schwartz’s car was impacted by Wilson-Woodcox’s car, but would not
allow appellees to use the pictures to make an argument that the minimal damage to
his car proves that his injuries, if any, were minimal. After further discussion, the
trial court ruled that if a proper predicate is laid, it might allow the admission of the
pictures into evidence, but that appellees could not use the photographs until such
determination was made. During cross-examination of Wilson-Woodcox, appellees’
attorney laid the proper foundation and the photographs were offered and admitted
into evidence. Because Schwartz objected only under Rule 403, we decline to
address his relevancy arguments. See Borden, Inc. v. Guerra, 860 S.W.2d 515, 525
(Tex. App.—Corpus Christi 1993, writ dism’d by agr.) (point of error on appeal must
comport with the complaint raised in the trial court).
          Schwartz himself opened the door to the admission of the photographs by
asking Wilson-Woodcox about the photographs before appellees had even mentioned
them. The following discussion occurred on the record during the direct examination
of Wilson-Woodcox:
[Schwartz’s counsel]: Now, ma’am, I understand that
following the accident with Mr. Schwartz, that there was
some photographs taken of Mr. Schwartz’ car by your
husband, correct?
 
[Wilson-Woodcox]: Correct.
 
[Schwartz’s counsel]: And that was three days after the
accident?
 
[Wilson-Woodcox]: I don’t really know the exact days.
 
* * * * *[Schwartz’s counsel]: And at that time isn’t it true that you
had received no notice of the injuries suffered by Mr.
Schwartz, correct?
 
[Wilson-Woodcox]: No. I didn’t know that there were any
injuries, but I was alerted to the fact that this would be a
problem.
 
[Schwartz’s counsel]: And so then you had your husband
go and take the photographs, correct?
 
[Wilson-Woodcox] Yes, sir.
 
Schwartz cannot be heard to complain of the admission of improper evidence offered
by the other side, when he, himself, introduced the same evidence or evidence of a
similar character. See McInnes v. Yamaha Motor Corp., 673 S.W.2d 185, 188 (Tex.
1984). We conclude that the trial court did not abuse its discretion in admitting the
photographs.
          Accordingly, we overrule Schwartz’s third point of error.
Time Limit
          In his fourth point of error, Schwartz contends that the trial court erred in
limiting the amount of time he had to argue his case. The record reveals that
Schwartz knew of the time limit at least by the time proceedings began on May 14,
2002. To preserve error for appeal, Schwartz was required to make a timely, specific
objection at the earliest possible opportunity. Tex. R. App. P. 33.1; Goldberg v. State,
95 S.W.3d 345, 368 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d); Miller Paper
Co. v. Roberts Paper Co., 901 S.W.2d 593, 600 (Tex. App. – Amarillo 1995, no
writ.). Schwartz did not object to the time limit; therefore, error, if any, was waived.
          We overrule Schwartz’s fourth point of error.Conclusion
          We affirm the trial court’s judgment.
 
                                                                        Adele Hedges
                                                                        Justice
 
Panel consists of Justices Hedges, Nuchia, and Higley.