**Opinion issued February 10, 2026**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-25-00984-CV

———————————

## IN RE PAIGE ELAINE LAUREN AND RAYMOND HENRY TAYLOR, Relators

---

## Original Proceeding on Petition for Writ of Mandamus

---

## O P I N I O N

Relators, Paige Elaine Lauren and Raymond Henry Taylor, filed a petition for writ of mandamus challenging the trial court's October 23, 2025 order granting the motion for new trial filed by real party in interest, DV Communities LLC.[1]  Real

---

[1] The underlying case is *Paige Elaine Lauren and Raymond Henry Taylor v. DV Communities, LLC, Doorvest, Inc., Kundra Sachin, Quyen Le, and Jackie "Jack" Sheely*, Cause No. 2022-71961, pending in the 80th District Court of Harris County, Texas, the Honorable Sonya L. Aston presiding.

parties in interest, DV Communities, LLC, Doorvest, Inc., Kundra Sachin, Quyen Le, and Jackie "Jack" Sheely, filed a response to the petition. We conditionally grant the petition.

Relators sued real parties in interest for breach of contract and the case was tried to a jury. On June 5, 2025, the jury returned a verdict in favor of relators, awarding relators damages in the amount of $2,344.67 and attorney's fees in the amount of $93,545.10. After announcing the verdict, the trial court advised the jury that it was going to visit with the jurors for a few minutes in the jury room and stated that the jurors might be asked to give a written statement though there was no obligation to do so. Nothing further appears in the trial transcript.

Relators stated in their petition and Christopher A. Stevenson, attorney for real parties in interest, stated in his affidavit attached to the motion for new trial, that after the attorneys had been dismissed and left the courthouse on June 5, 2025, they received a call from the bailiff instructing them to return to the courtroom. The jury had already been dismissed.

According to Stevenson, once they arrived, the trial court advised the attorneys for both parties that the trial court "had witnessed a juror, who was a paralegal at a large, prestigious law firm, tell other jurors that lawyers at her firm charged over $1000 per hour." The post-verdict meeting between the trial court and the attorneys was not recorded.

2

Stevenson stated in his affidavit that he moved for a mistrial, which the trial court granted. Despite the apparent grant of a mistrial (no order appears in the mandamus record), the trial court signed a final judgment on the verdict on June 17, 2025. On July 10, 2025, real party in interest DV Communities, LLC filed a motion for new trial, supported by Stevenson's affidavit concerning the unrecorded statement the trial court made about witnessing a juror telling other jurors about fees charged by attorneys at the law firm where she worked. Stevenson stated in his affidavit that the source for the statements in his affidavit came from the trial court and Stevenson thought it was inappropriate to seek an affidavit from the trial court. Stevenson added that he did not believe affidavits from any of the jurors were necessary and he stated he was uncomfortable contacting jurors.

The motion for new trial was set for submission on July 28, 2025, but on July 25, 2025, the trial court signed an order stating:

> After considering defendant, DV Communities, LLC's motion for new trial, the response, the pleadings and arguments of counsel, the Court GRANTS the motion and orders a new trial.

On August 8, 2025, relators filed a motion for reconsideration, arguing that no evidence was submitted in support of the motion for new trial, no hearing was held, and no reasons were stated in the order. The trial court signed an order on August 21, 2025, denying relators' motion for reconsideration.

3

Relators then filed a petition for writ of mandamus in this Court on September 15, 2025. A response was requested and filed. On October 9, 2025, the Court issued a memorandum opinion, conditionally granting mandamus relief and holding that the trial court abused its discretion in granting a motion for new trial without stating its reasons. *See In re Lauren*, No. 01-25-00742-CV, 2025 WL 2857118, at *3 (Tex. App.—Houston [1st Dist.] Oct. 9, 2025, orig. proceeding) (mem. op.). On October 23, 2025, the trial court signed an order vacating the July 25, 2025 order granting new trial and granting the motion for new trial, but providing the following reasons:

> The case was tried before a jury. The jury had been instructed to not share their personal experiences, expertise or knowledge or those of others with their fellow jury members. A verdict was reached and read on June 5, 2025. After the jury was excused, the Court visited with the jurors with the bailiff present to thank them for their participation. The jurors had questions and provided comments about the process.
>
> One of the jurors who is a retired paralegal from a large Houston law firm, announced that she had explained to the other jurors that her firm regularly charges $1,000 or more per hour for their attorneys and that the amount that the [p]laintiff's attorneys were requesting was reasonable compared to what her firm charges. She also explained that she and one other juror worked to convince the other 10 jurors to come to the final determination on the jury charge.
>
> Attorney's fees issue is a central issue in this matter. The statement regarding the reasonableness of the attorney's fees made by the juror was based on information from outside of courtroom and in violation of the instructions that the Court had provided to the jurors. The juror's statements were shared with the attorneys for both parties. Plaintiff's counsel stated that they had heard similar comments and that the jurors had used a lower amount to calculate the attorney's fees for the verdict.

Defendants moved for a [n]ew [t]rial based on the information shared after the Court and [c]ounsel visit[ed] with the jury.

The Court finds that the juror's statements and influence constitute an impermissible outside influence and is juror misconduct.

It is therefore, ORDERED, that the Motion for New Trial is GRANTED.

Mandamus relief is available "to correct a clear abuse of discretion or violation of a duty imposed by law, when an adequate remedy by appeal does not exist." *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 207 (Tex. 2009) (internal citations omitted). The requirement of an abuse of discretion is established "where a trial court acts without reference to guiding rules or principles or in an arbitrary or unreasonable manner." *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018).

Concerning the adequacy of relators' remedy by appeal, the Texas Supreme Court has held that when a motion for new trial is timely filed and the motion is granted during a trial court's plenary power, the order granting new trial is not reviewable on appeal. *See Columbia Med. Ctr.*, 290 S.W.3d at 209. Here, the motion for new trial was timely filed in that it was filed within thirty days of the date the trial court signed its judgment. *See* TEX. R. CIV. P. 329b(a). When a timely motion for new trial has been filed, the trial court's plenary power extends until thirty days after the motion is overruled, whether by written order or by operation of law,

whichever occurs first. *See* TEX. R. CIV. P. 329b(e). Therefore, we conclude that relators have no adequate remedy by appeal. *See Columbia Med. Ctr.*, 290 S.W.3d at 209.

However, to establish their right to mandamus relief, relators must also show that the trial court abused its discretion. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004). Relators argue that the trial court abused its discretion in granting a new trial because the reasons stated in the order were not supported by the record, there was no record support for a finding of juror misconduct, statements made during deliberations were not jury misconduct unless it concerned an outside influence, and the alleged statements made by a juror in this case did not constitute an outside influence.

A trial court has broad discretion in granting new trial, but that discretion is not limitless. *See Columbia Med. Ctr.*, 290 S.W.3d at 210. A writ of mandamus shall issue to correct a trial court's clear abuse of discretion in granting a new trial. *See In re Nissan N. Am., Inc.*, 711 S.W.3d 66, 74 (Tex. App.—Houston [1st Dist.] 2024, orig. proceeding [mand. denied]). A trial court does not abuse its discretion in granting a new trial if its stated reason is "(1) legally appropriate and (2) specific enough to indicate that the trial court derived the reasons from the particular facts and circumstances of the case at hand." *See id.* Here, the trial court stated specific facts that led it to conclude that misconduct in the form of an outside influence had

6

occurred. But "[s]imply articulating understandable, reasonably specific, and legally appropriate reasons is not enough; the reasons must be valid and correct." *In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d 746, 759 (Tex. 2013).

Whether jury misconduct occurred and caused injury is a question of fact for the trial court. *See Golden Eagle Archery, Inc. v. Jackson*, 24 S.W.3d 362, 372 (Tex. 2000). To obtain a new trial based on jury misconduct, the movant must show that misconduct occurred, it was material, and it probably caused injury. *See* TEX. R. CIV. P. 327; *Golden Eagle Archery*, 24 S.W.3d at 372. A court may admit competent evidence of juror misconduct from any source. *See Golden Eagle Archery*, 24 S.W.3d at 369.

In this case, the motion for new trial was not supported by a juror's affidavit alleging outside influences were brought to bear on the jury, but on the trial court's statement about its post-verdict discussion with jurors. Relators claim that this evidence was insufficient to show jury misconduct. Real parties in interest argue that an affidavit from a juror was not necessary because the trial court heard about the misconduct while speaking with the jury. We need not decide if this is sufficient to support a motion for new trial because, even if this evidence were sufficient, the alleged misconduct did not constitute an outside influence.

"An outside influence 'must emanate from outside the jury and its deliberations.'" *Editorial Caballero, S.A. de C.V. v. Playboy Enters., Inc.*, 359

S.W.3d 318, 324 (Tex. App.—Corpus Christi–Edinburgh 2012, pet. denied). To constitute an outside influence, the source of information must be someone outside the jury. *See Perry v. Safeco Ins. Co.*, 821 S.W.2d 279, 281 (Tex. App.—Houston [1st Dist.] 1991, writ denied). Information gathered by a juror and shared with other jurors by that juror, even if introduced to prejudice voting, does not constitute an outside influence. *See, e.g., Editorial Caballero, S.A. de C.V.*, 259 S.W.3d at 324. For instance, statements during deliberations made by one juror to the other jurors that "the plaintiff had probably already gotten a big settlement" and "did not need any more money out of this case," were juror statements about matters occurring during deliberations and were not proof of outside influence. *Golden Eagle Archery*, 24 S.W.3d at 366, 370–71 (internal quotations omitted). And a jurors' sharing of personal experience with diverticulosis and its symptoms and her conclusions about the plaintiff's condition based on that experience, during deliberations in a medical negligence case was not an outside influence. *See Wichman v. Kelsey-Seybold Med. Grp., PLLC*, No. 14–18–00641–CV, 2020 WL 4359734, at *4 (Tex. App.—Houston [14th Dist.] July 30, 2020, no pet.) (mem. op.).

Here, the alleged juror statement made by one juror to the other jurors that the trial court determined was proof of an outside influence was a juror telling the other jurors information about her knowledge of fees charged by attorneys at the law firm where she had previously worked. "A juror's injection of the juror's personal

experiences, knowledge, or expertise into the jury deliberations, though improper, does not constitute an 'outside influence' on the jury because it emanates from inside the jury." *Id.*, 2020 WL 4359734, at *4; *see also Soliz v. Saenz*, 779 S.W.2d 929, 932 (Tex. App.—Corpus Christi–Edinburgh 1989, writ denied) (holding juror's improper discussion of personal knowledge of bar involved in wrongful-death case based on his prior experience did not constitute outside influence); *Baker v. Wal-Mart Stores, Inc.*, 727 S.W.2d 53, 54–55 (Tex. App.—Beaumont 1987, no writ) (holding not outside influence where nurse serving as juror explained effect of medication plaintiff was taking that could have caused plaintiff's fall resulting in injuries).

Real parties in interest argue that they did not have to meet the definition of an outside influence under the unique facts of this case. Real parties in interest cite *Perry v. Safeco Insurance Co.*, 821 S.W.2d 279 (Tex. App.—Houston [1st Dist.] 1991, writ denied), but *Perry* does not support their argument. In *Perry*, a panel of this Court held that, because jurors may not testify to any matter or statement occurring during the jury's deliberations, and the proof in *Perry* did not establish an outside influence, there was a question as to whether the juror affidavits and testimony was admissible. *See id.* at 281. However, the Texas Supreme Court subsequently cited *Perry* negatively, noting that the decision had relied on a prior case that was overly broad and that competent evidence of juror misconduct can

9

come from other sources, not just from jurors. *See Golden Eagle Archery*, 24 S.W.3d at 369 & n.3. Thus, *Perry* concerned the type of evidence admissible to show juror misconduct and we do not address that issue here.

Real parties in interest also assert that the juror's statement to the rest of the jurors about attorney fee amounts emanated from that law firm rather than from the jury. But the members of the jury heard about the fees charged by attorneys at the legal assistant juror's former law firm, from another juror and not from any attorney at the firm. Thus, these statements do not constitute an outside influence. *See, e.g., id.* at 370 (holding jurors speculating whether alcohol was involved in accident, whether plaintiff may have received settlement, or whether jurors traded answers, were statements that occurred during deliberations and were not proof of outside influences); *Baker*, 727 S.W.2d at 54–55 (holding statement by juror nurse concerning effect of medication plaintiff was taking and whether that medication could have caused plaintiff's fall resulting in injuries did not constitute outside influence).

Real parties in interest further assert that the juror's misconduct injured them. To obtain a new trial on the ground of jury misconduct, the movant must show that misconduct occurred, and that it was material and probably caused injury. *See* TEX. R. CIV. P. 327(a); *Golden Eagle Archery*, 24 S.W.3d at 372. Because there is no proof supporting the trial court's finding of juror misconduct in the form of an

outside influence, we need not consider whether real parties in interest suffered any injury supporting the trial court's grant of new trial.

Because we conclude that relators have established that the trial court abused its discretion in granting the motion for new trial filed by real party in interest DV Communities, LLC, we conditionally grant relator's petition for writ of mandamus and order the trial court to vacate the order of October 23, 2025 granting the motion for new trial and to reinstate the judgment. We are confident the trial court will do so and the writ will issue only if the trial court fails to comply.

**PER CURIAM**

Panel consists of Justices Rivas-Molloy, Guiney and Morgan.

Morgan, J., concurring.

11