# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 9, 2008

Charles R. Fulbruge III
Clerk

No. 04-20777

KATHY N. BURDEN, ET AL.,

Plaintiffs

v.

JOHNSON & JOHNSON MEDICAL, ET AL.,

Defendants

ANSELL HEALTHCARE PRODUCTS INC, formerly known as Ansell Inc, formerly known as Ansell Perry Inc.; BECTON DICKINSON & CO

Defendants - Cross-Defendants - Appellees

OWENS & MINOR MEDICAL INC; OWENS & MINOR INC

Defendants - Cross-Claimants - Appellants

---

Appeal from the United States District Court
for the Southern District of Texas

---

Before HIGGINBOTHAM, WIENER, and DENNIS, Circuit Judges.

DENNIS, Circuit Judge:

In this products liability suit, we certified to the Texas Supreme Court a question regarding manufacturers' duties to defend and indemnify distributors. The Texas Supreme Court has now answered the question, and we resolve the remaining issues on appeal. For the following reasons, we AFFIRM in part,

VACATE in part, and REMAND this case to the district court.

## BACKGROUND

On January 21, 2000, Kathy Burden, a dental hygienist, and members of her family filed a products liability action in Texas state court, naming as defendants the present appellants, appellees, and over thirty other entities. The Plaintiffs alleged that Burden was injured by latex gloves manufactured and sold by the named defendants. Appellants Owens & Minor, Inc. and Owens & Minor Medical, Inc. (collectively, "Owens") were sued as distributors. Appellees Ansell Healthcare Products Inc. ("Ansell") and Becton, Dickinson, and Company ("BD") were sued as manufacturers of the allegedly defective gloves. On March 6, 2000, Owens sent letters to several of the defendant manufacturers requesting that those manufacturers indemnify Owens pursuant to Texas Civil Practice and Remedies §82.002, which requires a manufacturer to "indemnify and hold harmless a seller against loss arising out of a products liability action" excepting losses proven to have been caused by the seller. For reasons that are disputed by the parties, Owens was ultimately defended by its own outside counsel.

The case was removed to the United States District Court for the Southern District of Texas on May 3, 2000. It was subsequently transferred to the United States District Court for the Eastern District of Pennsylvania as part of the multidistrict litigation entitled, In re: Latex Glove Products Liability Litigation. At some point during the proceedings, Owens filed cross-claims for indemnity against several manufacturers in the case. Eventually, the Plaintiffs voluntarily dismissed their claims against Owens because they were unable to show that Owens had sold any of the latex gloves that allegedly injured Burden. All other defendants were dismissed for the same or similar reasons. There was never a finding that any party was negligent or caused the Plaintiffs' alleged injuries.

2

However, once the multidistrict litigation proceedings were complete and the instant case was remanded to the Southern District of Texas, Owens pursued the cross-claims for indemnity that it had brought against four of the manufacturers, seeking to recover the costs it had incurred in Burden. Owens subsequently settled with two of the manufacturers, leaving claims for indemnity against only Ansell and BD.

In response to Owens's cross-claim, BD and Ansell both moved for summary judgment on the adequacy of their offers to indemnify Owens. BD argued that it had properly offered to defend and indemnify Owens for claims arising out of the sale of BD latex gloves. Likewise, Ansell maintained that it had appropriately offered to defend and indemnify Owens for claims related to Owens's alleged sale of Ansell latex gloves. Owens claimed that the offers made by Ansell and BD were for a "partial limited defense" with conditions, rather than the sort of full defense and indemnity allegedly required by §82.002. The District Court rejected many of the arguments presented by the manufacturers, yet ultimately granted BD's and Ansell's motions for summary judgment, holding that both manufacturers had offered to defend and indemnify Owens to the satisfaction of their duties under §82.002. In so doing, the District Court terminated the entire case.

Owens brings this appeal, arguing that the District Court erroneously granted summary judgement in favor of Ansell and BD. According to Owens, the District Court improperly concluded that a limited defense was all that was required under §82.002 and that by defending themselves the manufacturers had adequately defended Owens. Owens requested that the question on this issue be certified to the Texas Supreme Court. Owens also argued that the District Court erred in construing in favor of Ansell and BD allegedly disputed

3

facts regarding the letters exchanged between the parties. Ansell and BD respond that Owens has misinterpreted the District Court's ruling. According to Ansell and BD, the District Court correctly held that Ansell and BD fulfilled their indemnification obligation because §82.002 only requires a manufacturer to indemnify a distributor for claims related to the sale of that manufacturer's product. Further, Ansell and BD claim that the District Court did not impermissibly grant summary judgment based upon disputed facts, but rather correctly drew conclusions of law based upon the undisputed facts presented in the letters. The parties have stipulated that Owens is an innocent seller and that BD and Ansell are manufacturers of the latex gloves at issue in this appeal.

In our previous opinion in this case, Burden v. Johnson & Johnson Medical, we agreed with Owens on the first issue and decided to certify the following question to the Texas Supreme Court:

> When a distributor sued in a products liability action seeks indemnification from less than all of the manufacturers implicated in the case, does a manufacturer fulfill its obligation under Texas Civil Practice and Remedies §82.002 by offering indemnification and defense for only the portion of the distributor's defense concerning the sale or alleged sale of that specific manufacturer's product, or must the manufacturer indemnify and defend the distributor against all claims and then seek contribution from the remaining manufacturers.

447 F.3d 371, 375 (5th Cir. 2006). On March 28, 2008, the Texas Supreme Court answered the certified question in Owens & Minor v. Ansell Healthcare Prods., Inc., --- S.W.3d ---, 2008 WL 821035 (Tex. Mar. 28, 2008) (published). The Texas Supreme Court concluded that "the product manufacturers satisfy their statutory duty [under section 82.002] to the seller by offering to indemnify and defend it only for any costs associated with their own products." Id. at *7.

4

We now proceed to resolve the remaining issues on appeal after receiving this guidance from the Texas Supreme Court.

ANALYSIS

Owens's argument that the manufacturers' offer to indemnify and defend the seller only for costs associated with their own products does not satisfy section 82.002 is now foreclosed by the Texas Supreme Court's decision. The district court therefore reached the correct result as dictated by the Texas Supreme Court in concluding that a manufacturer's offer to indemnify and defend the seller for costs associated with their own products satisfies its section 82.002 obligation.

Apart from this first argument, Owens also presents a separate argument that the district court made an erroneous factual finding when it concluded that the manufacturers, BD and Ansell, actually made an offer to indemnify and defend Owens for costs associated with their own products. The district court, on summary judgment, construed a series of letters between the manufacturers and the seller as constituting the manufacturers' offer to indemnify and defend and the seller's rejection of that offer. The district court concluded that "[a] fair reading of the letters shows that the manufacturers were willing to defend Owens until it was proven that Burden did not use their gloves."

"This court reviews a district court's grant of summary judgment de novo, applying the same standards as the trial court." Jenkins v. Cleco Power, LLC, 487 F.3d 309, 313 (5th Cir. 2007). "Summary judgment is proper if the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Id. "The Court views all evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor." Id. at 313-14.

5

A. Summary Judgment For Ansell was Proper

In a letter to Owens's counsel on March 24, 2000, responding to Owens's query as to whether Ansell was willing to defend Owens in pending litigation, Ansell, through its counsel, specifically refers to the Burden case, and notes that:

> As I have stated, Ansell is committed to defending any claims related to its products provided that we can agree upon an appropriate method whereby Ansell Healthcare Products, Inc. only defends its natural rubber latex gloves in this litigation.

The letter also states:

> While Ansell is committed to defending any claims relating to its latex gloves in accordance with its contractual obligations, Ansell cannot defend Owens & Minor, Inc. with respect to distribution of other manufacturer's natural rubber latex gloves.

After unequivocally promising Owens a full defense of claims relating to its own latex gloves in the Burden litigation, Ansell's counsel suggested as "prudent" to wait to see if any agreement is reached by pending negotiations. Ansell's counsel was merely suggesting this course of action:

> We therefore suggest that we defer any further discussions between our respective clients until such time as there is some direction from the manufacturers' and distributors' group as to whether a resolution can be arrived at regarding the distributors' tender of defense.

(emphasis added). Ansell's counsel finishes the letter stating, "[i]f you do not agree with this course of action, please call me so that we can discuss this matter further." Ansell's offer to defend is fully consistent with the statutory obligation under section 82.002 as construed by the recent Texas Supreme Court decision. Owens, 2008 WL 821035, at *7 ("[T]he product manufacturers satisfy their statutory duty [under section 82.002] to the seller by offering to indemnify and

6

defend it only for any costs associated with their own products."). Ansell needed only to offer a defense of claims, as it did, relating to its own products. Furthermore, Ansell clearly did not condition its defense of claims on the outcome of the pending negotiations but only suggested that they defer further discussions about the defense until pending negotiations reach some result. Ansell also signaled its willingness to discuss and reconsider this suggestion. Owens never responded to this letter and never asked Ansell to follow up with its unequivocal offer to defend the claims. We find no ambiguity that Ansell plainly offered to defend Owens in the Burden suit satisfying its statutory obligation; the offer to defend was never accepted. We must accept the letter's plain meaning. Cf. Valmont Energy Steel, Inc. v. Commercial Union Ins. Co., 359 F.3d 770, 773 (5th Cir. 2004) ("If the court finds no ambiguity, the court's duty is to enforce the policy according to its plain meaning."). Owens's erroneous interpretation of the letters does not by itself create any ambiguity. See Forbau v. Aetna Life Ins. Co., 876 S.W.2d 132, 134 (Tex. 1994); Valmont, 359 F.3d at 774 ("Courts can only consider the parties' interpretation of a contract if the court first determines a contract to be ambiguous."). Under the plain language of the letters, we must rule in favor of Ansell; therefore, there is no genuine issue of material fact and summary judgment was appropriate in favor of Ansell.

B. Summary Judgement For BD was Improper

Owens does raise a genuine issue of material fact as to BD's alleged offer to defend Owens in the Burden suit. It is undisputed that BD, unlike Ansell, never responded to Owens's query concerning BD's defense of claims in the Burden suit. BD instead suggests it provided Owens a standing offer to defend its own products in all claims against its latex gloves in several letters before the

Burden suit was actually filed. Reading the letters in favor of the non-movant Owens, it is not clear that the letters constituted an offer to defend or indemnify in the Burden case. Even assuming BD's interpretation of the letters, it is not clear that BD extended any valid offer to defend Owens in satisfaction of its statutory obligation. BD concedes that Owens rejected the terms and conditions of BD's standing offer in late 1999 and that Owens had insisted that any defense and indemnity agreement with BD cover all latex gloves sold by Owens and not just BD's latex gloves.

In January 2000, Burden filed her suit against Owens and BD. In March 2000, Owens sent a letter to BD requesting the manufacturers to defend against the Burden claims. In the letter, Owens stated:

> Owens & Minor has been sued in [Burden] based on product liability claims that your product injured the plaintiff. As Owens & Minor did not manufacture or play any role whatsoever in the manufacturing of your company's product, we ask that you accept this defense.

In its appellate brief, BD interprets this Owens letter as "represent[ing] that each manufacturer had a duty to defend Owens & Minor for its own gloves in the Burden case." Appellee BD's Brief, at 9 (emphasis added). BD thus reads the letter to suggest that Owens may have changed course and is now only requesting each manufacturer to defend claims against its own gloves in the Burden case. Yet, BD never responded to the letter and assumed Owens would reject BD's offer of a defense in this new case. However, given Owens's possible change in position, BD was arguably incorrect in assuming that Owens would reject another offer to defend. Moreover, this assumption does not vitiate BD's statutory obligation to offer to defend the claims. The previous "standing" offer to defend in a previous case was rejected. "[U]nder Texas law, once an offer is

8

rejected, the general rule is that the offer is thereby terminated, and consequently it cannot be accepted." Harris v. Mickel, 15 F.3d 428, 431 (5th Cir. 1994). It is therefore entirely plausible that (1) Owens solicited for a defense under terms different from the past; (2) BD's past offer, once rejected, can not constitute a standing offer because it cannot be accepted; and, therefore, (3) BD did not offer to defend claims as required by section 82.002 and/or improperly assumed Owens would reject any new offers in the Burden case. Given this possible interpretation of events based on the existing record, there remains an issue of material fact as to whether an offer was provided in satisfaction of section 82.002; thus, summary judgment for BD was improper.[1] We vacate the district court's summary judgment for BD and remand the case to the district court to determine if BD offered to defend Owens in the Burden suit in satisfaction of its statutory obligations and for further proceedings.

C. We Do Not Reach Owens's Contentions as to Costs and Fees

Finally, Owens contends the district court erred in finding that its attorney's fees in the Burden case are unnecessary. The district court found that Owens's "fees and costs were unnecessary because the manufacturers' offers of defense were adequate." Since we conclude in accord with the district court that Ansell is not liable to defend Owens, we do not need reach the issue of fees and costs, since Ansell's offer of a defense by Owens was adequate and therefore satisfied any duty under section 82.002. Owens, 2008 WL 821035, at *7 ("[T]he product manufacturers satisfy their statutory duty [under section 82.002] to the

---

[1] We do not rely nor cite to the Bateman materials found in the appellate record excerpts and brief. We have also decided to remand the question of whether BD offered to defend its claims in the Burden case to the district court. Therefore, the motions to strike the references to the Bateman materials are mooted.

seller by offering to indemnify and defend it only for any costs associated with their own products."). Since we are vacating the district court's summary judgment for BD and remanding the case to the district court for further proceedings to determine if BD also satisfied its duties under section 82.002, we also do not need to reach the fees and costs issue at this time with regards to BD.

## CONCLUSION

Accordingly, we now AFFIRM the district court's summary judgment for Ansell and VACATE the district court's summary judgment for BD. We REMAND this case to the district court for further proceedings consistent with this opinion.