**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 19, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-20777

_____

KATHY N. BURDEN, ET AL.,

Plaintiffs

versus

JOHNSON & JOHNSON MEDICAL, ET AL.,

Defendants

ANSELL HEALTHCARE PRODUCTS INC, formerly known as Ansell Inc,

formerly known as Ansell Perry Inc.; BECTON DICKINSON & CO;

Defendants - Cross-Defendants - Appellees

versus

OWENS & MINOR MEDICAL INC; OWENS & MINOR INC

Defendants - Cross-Claimants - Appellants

_____

Appeal from the United States District Court for
the Southern District of Texas

_____

Before HIGGINBOTHAM, WIENER, and DENNIS, Circuit Judges.

DENNIS, Circuit Judge:

This case involves an important question of state law which the Texas courts have not as yet resolved. We therefore have determined that our proper course, in this diversity jurisdiction case in which we are to apply the law of the State of Texas, is to

1

certify the central question in this matter to the Supreme Court of Texas.

CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF TEXAS, PURSUANT TO THE TEXAS CONSTITUTION ART. 5 § 3-C AND TEX. R. APP. P. 58. TO THE SUPREME COURT OF TEXAS AND THE HONORABLE JUSTICES THEREOF:

## I. STYLE OF THE CASE

The style of the case in which this certificate is made is *Kathy N. Burden, et al., Plaintiffs v. Johnson & Johnson Medical, Inc., et al., Defendants*, *Ansell Healthcare Products, Inc.; Becton Dickson & Co., Defendants-Cross-Defendants-Appellees, Owens & Minor Medical Inc.; Owens & Minor, Inc., Defendants-Cross-Claimants-Appellants*, Case No. 04-20777, in the United States Court of Appeals for the Fifth Circuit, on appeal from the United States District Court for the Western District of Texas. Federal jurisdiction is based on diversity of citizenship.

## II. STATEMENT OF THE CASE

On January 21, 2000, Kathy Burden, a dental hygienist, and members of her family filed a products liability action in Texas state court, naming as defendants the present appellants, appellees, and over thirty other entities. The Plaintiffs alleged that Burden was injured by latex gloves manufactured and sold by the named defendants. Appellants Owens & Minor, Inc. and Owens & Minor Medical, Inc. (collectively, "Owens & Minor") were sued as a

2

distributor. Appellees Ansell Healthcare Products Inc. ("Ansell") and Becton, Dickinson and Company ("BD") were sued as manufacturers of the allegedly defective gloves. On March 6, 2000, Owens & Minor sent letters to several of the defendant manufacturers requesting that those manufacturers indemnify Owens & Minor pursuant to Texas Civil Practice and Remedies §82.002, which requires a manufacturer to "indemnify and hold harmless a seller against loss arising out of a products liability action" excepting losses proven to have been caused by the seller. For reasons that are disputed by the parties, Owens & Minor was ultimately defended by its own outside counsel.

The case was removed to the United States District Court for the Southern District of Texas on May 3, 2000. It was subsequently transferred to the United States District Court for the Eastern District of Pennsylvania as part of the multidistrict litigation, *In re: Latex Glove Products Liability Litigation*. At some point during the proceedings, Owens & Minor filed cross-claims for indemnity against several manufacturers in the case. Eventually, the Plaintiffs voluntarily dismissed their claims against Owens & Minor because they were unable to show that Owens & Minor had sold any of the latex gloves that allegedly injured Burden. All other defendants were dismissed for the same or similar reasons. There was never a finding that any party was negligent or caused the Plaintiffs' alleged injuries. However, when the instant case was remanded to the Southern District of Texas once the multidistrict

3

litigation proceedings were complete, Owens & Minor pursued the cross-claims for indemnity that it had brought against four of the manufacturers, seeking to recover the costs it had incurred in *Burden*. Owens & Minor subsequently settled with two of the manufacturers, leaving claims for indemnity against only Ansell and BD.

In response to Owens & Minor's cross-claim, BD and Ansell both moved for summary judgment on the adequacy of their offers to indemnify Owens & Minor. BD argued that it properly had offered to defend and indemnify Owens & Minor for claims arising out of the sale of BD latex gloves. Likewise, Ansell maintained that it appropriately had offered to defend and indemnify Owens & Minor for claims related to Owens & Minor's alleged sale of Ansell latex gloves. Owens & Minor claimed that the offers made by Ansell and BD were for a "partial limited defense" with conditions, rather than the sort of full defense and indemnity allegedly required by §82.002. The District Court rejected many of the arguments presented by the manufacturers, yet ultimately granted BD's and Ansell's motions for summary judgment, holding that both manufacturers had offered to defend and indemnify Owens & Minor to the satisfaction of their duties to Owens & Minor under §82.002. In so doing, the District Court terminated the entire case.

Owens & Minor brings this appeal, arguing that the District Court erroneously granted summary judgement in favor of Ansell and BD. According to Owens & Minor, the District Court improperly

4

concluded that a limited defense was all that was required under §82.002, and that by defending themselves, the manufacturers had adequately defended Owens & Minor. Owens & Minor requests that a question on this issue be certified to the Texas Supreme Court. Owens & Minor also argues that the District Court erred in construing in favor of Ansell and BD allegedly disputed facts regarding the letters exchanged between the parties. Ansell and BD respond that Owens & Minor has misinterpreted the District Court's ruling. According to Ansell and BD, the District Court correctly held that Ansell and BD fulfilled their indemnification obligation because §82.002 only requires a manufacturer to indemnify a distributor for claims related to the sale of that manufacturer's product. Further, Ansell and BD claim that the District Court did not impermissibly grant summary judgment based upon disputed facts, but rather correctly drew conclusions of law based upon the undisputed facts presented in the letters. The parties have stipulated that Owens & Minor is an innocent seller and that BD and Ansell are manufacturers of the latex gloves at issue in this appeal.

The Texas Supreme Court's leading case interpreting §82.002 is *Fitzgerald v. Advanced Spine Fixation Systems, Inc*, 996 S.W.2d 864 (Tex. 1999). In that case, the Texas Supreme Court answered the following question certified to it by this Court: whether §82.002 requires a manufacturer to indemnify a distributor who was sued but who did not actually sell the particular product alleged to have

5

injured the plaintiff. In answering that question in the affirmative, the Texas Supreme Court analyzed a manufacturer's duty under §82.002. The Court explained that §82.002 "is part of a scheme to protect manufacturers as well as sellers of products." *Id.* at 868. The statute accomplishes this goal by "ensuring that the relatively small seller need not fear litigation involving problems that are really not in its control," and by "establish[ing] uniform rules of liability so that manufacturers [can] make informed business decisions and plaintiffs [can] understand their rights." *Id*. at 868-69. The Court concluded that, though §82.002's purpose is to benefit both manufacturers and sellers, the legislature "gave preference to sellers with no independent liability." *Id.* at 869.

While the Texas Supreme Court in *Fitzgerald* gave considerable guidance concerning how a court should approach questions regarding §82.002 by looking to the consequences of certain interpretations of §82.002 and ensuring that those interpretations are consistent with the plain language of the statute and the legislative intent, the issue presented in the instant case is beyond *Fitzgerald*. In the case before us, neither the plain language of the statute nor the legislative intent indicate the scope of the indemnification and defense required by §82.002 in a situation in which it is undisputed that the seller sold products made by the several manufacturers sued, yet the seller has sought indemnification

6

from less than all of those manufacturers. We note that the Texas Court of Appeals has answered this question in *Ansell Healthcare Products, Inc. v. Owens & Minor, Inc.*, — S.W.3d —, 2006 WL 824236 (Tex.App.-Texarkana March 31, 2006), concluding that the manufacturers' limited offers to defend only their own products did not fulfill their statutory indemnity duties under §82.002. While *Ansell Healthcare Products*, is a well-written, sound opinion, we cannot rely upon it because it is an unpublished, non-precedential ruling. Furthermore, we believe that the central issue in this case is better answered by the Texas Supreme Court. An answer to this central issue is necessary for this Court to proceed in resolving the remaining issues in this case regarding whether the district court improperly resolved disputed factual issues in favor of the moving parties.

## III. QUESTION CERTIFIED

When a distributor sued in a products liability action seeks indemnification from less than all of the manufacturers implicated in the case, does a manufacturer fulfill its obligation under Texas Civil Practice and Remedies §82.002 by offering indemnification and defense for only the portion of the distributor's defense concerning the sale or alleged sale of that specific manufacturer's product, or must the manufacturer indemnify and defend the distributor against all claims and then seek contribution from the remaining manufacturers. We disclaim

7

any intention or desire that the Supreme Court of Texas confine its reply to the precise form or scope of the question certified. The answer provided by the Supreme Court of Texas will determine the issue on appeal in this case. The record in this case, together with the copies of the parties' briefs, is transmitted herewith.