ANSELL HEALTHCARE PRODUCTS, INC. and Becton, Dickinson and Company, Petitioners,

v.

OWENS & MINOR, INC. and Owens & Minor Medical, Inc., Respondents.

No. 06–0386.

Supreme Court of Texas.

April 4, 2008.

Rehearing Denied May 30, 2008.

Mike A. Hatchell, Molly H. Hatchell, Susan A. Kidwell, Elissa Gail Underwood, Locke Lord Bissell & Liddell, LLP, Austin, Gene F. Creely II, Cozen O'Connor, Houston TX, Robert Michael Duffey, Washington DC, Terry M. Hackett, Gardner, Carton & Douglas, LLP, Chicago IL, Jeffery C. Lewis, Robert W. Weber, Atchley Russell Waldrop & Hlavinka, Texarkana TX, Barry M. Epstein, Andrew W. Schwartz, Sills Cummis Epstein & Gross, Newark NJ, P. Michael Jung, Strasburger & Price, L.L.P., Dallas TX, for Petitioners.

Robert F. Redmond Jr., William W. Belt Jr., Williams Mullen, Richmond VA, Brent Maurice Langdon, Holman & Langdon, L.L.P., Texarkana TX, for Respondents.

PER CURIAM.

This case concerns the scope of the duty imposed on manufacturers of allegedly defective products to defend and indemnify innocent sellers under section 82.002 of the Texas Civil Practice and Remedies Code. We decided this issue in *Owens & Minor, Inc. v. Ansell Healthcare Products, Inc.,* 251 S.W.3d 481 (Tex.2008), when we answered this question certified to us by the

United States Court of Appeals for the Fifth Circuit:

> When a distributor sued in a products liability action seeks indemnification from less than all of the manufacturers implicated in the case, does a manufacturer fulfill its obligation under Texas Civil Practice and Remedies Code § 82.002 by offering indemnification and defense for only the portion of the distributor's defense concerning the sale or alleged sale of that specific manufacturer's product, or must the manufacturer indemnify and defend the distributor against all claims and then seek contribution from the remaining manufacturers?

*Id.* at 482 (quoting *Burden v. Johnson & Johnson Med.*, 447 F.3d 371, 375 (5th Cir. 2006)). We concluded that "a manufacturer that offers to defend or indemnify a distributor for claims relating only to the sale or alleged sale of that specific manufacturer's product fulfills its obligation under Section 82.002." *Id.* at 482.

The question in this case is identical to the question in *Owens & Minor*, as are the parties. The trial court here granted the motion for partial summary judgment filed by sellers, Owens and Minor, Inc. and Owens & Minor Medical, Inc. (Owens, collectively), ruling that Ansell Healthcare Products, Inc. and Becton, Dickinson and Company were jointly and severally liable not just for the cost of defending the products they manufactured, but for "the entire cost of the litigation." The trial court determined that Ansell's and Becton's respective offers to defend and indemnify Owens only for Ansell's and Becton's own products were legally insufficient under Section 82.002. The trial court conducted a bench trial and rendered judgment, awarding legal fees and costs to Owens in the amount of $351,728.32. The court of appeals affirmed the trial court except in one respect, reducing a portion of the legal fees. *See* 189 S.W.3d 889, 904 (Tex.App.-Texarkana 2006).

Ansell and Becton argue that the court of appeals incorrectly held them jointly and severally liable for the entire cost of the litigation, and that their offers to defend and indemnify Owens only for Ansell's and Becton's own products were legally sufficient under Section 82.002. We held in *Owens & Minor* that manufacturers must indemnify and hold harmless an innocent seller only for the portion of the defense associated with their own products. 251 S.W.3d at 484–85. Because the court of appeals' decision conflicts with our holding in *Owens & Minor*, we reverse its judgment and, without hearing oral argument, remand the case to the trial court for further proceedings consistent with this opinion. *See* Tex.R.App. P. 59.1.