**REVERSE and REMAND; and Opinion Filed April 3, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-12-01365-CV

### UNITED MEDICAL SUPPLY COMPANY, INC., Appellant

### V.

### ANSELL HEALTHCARE PRODUCTS, INC., Appellee

**On Appeal from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-02-0433-C**

## OPINION

Before Justices Lang, Myers, and Brown
Opinion by Justice Brown

United Medical Supply Company, Inc. challenges the trial court's judgment that it take nothing on its claim for statutory indemnity against Ansell Healthcare Products, Inc. On appeal, United Medical contends it showed it was entitled to indemnity as a matter of law under Section 82.002 of the Texas Civil Practice and Remedies Code. See TEX. CIV. PRAC. & REM. CODE ANN. Sec. 82.002 (West 2005). Because we agree with United Medical, we reverse the trial court's judgment and remand this case for further proceedings.

In this appeal, United Medical Supply Company, a distributor of medical supplies, asserts it is entitled to indemnity from Ansell Healthcare Products, a manufacturer of latex-containing gloves, for litigation costs it expended in defending two products liability lawsuits related to such gloves. The underlying lawsuits were brought by healthcare workers who each alleged they

suffered injuries by repeated exposure to latex at their places of employment. The plaintiffs sued multiple sellers and manufacturers of latex-containing gloves, including both United Medical and Ansell, generally alleging each of the defendants had sold "and/or" manufactured such gloves. United Medical filed cross-claims for indemnification against Ansell and other manufacturers, and later requested the indemnity claims be severed from the underlying cases. The trial court granted United Medical's request, severing the indemnity cross-actions.

United Medical later nonsuited its indemnity claims against all manufacturers except Ansell. According to United Medical, it did so after it determined it had sold Ansell's gloves to a hospital where both plaintiffs had worked during the period of time they alleged they had been exposed to latex, but it had no evidence it had sold any other manufacturer's gloves to any facility where the plaintiff's had worked during the applicable time period. Meanwhile, in the underlying cases, the plaintiffs nonsuited or settled their claims against all the defendants without any findings as to liability.

In the severed indemnity cases, one of the critical legal disputes between the parties concerned the extent of Ansell's duty to indemnify for litigation expenses United Medical incurred in light of the underlying plaintiffs' allegations that implicated the products of multiple manufacturers. At that time, Ansell was also involved in litigation in two other courts that involved similar legal issues, both of which were on appeal. In those cases, however, Ansell had offered to defend the seller, but only for claims involving its own gloves. Nevertheless, presumably with the hope that resolution of the legal questions raised in those appeals would help resolve the dispute between the parties here, the parties jointly requested the trial court to consolidate United Medical's cases against Ansell and to then further "administratively close" the cases pending final resolution of the appeals in the other cases. The trial court granted the parties' request.

The Texas Supreme Court subsequently decided those appeals in *Owens & Minor v. Ansell Healthcare Products* on certified question from the United States Fifth Circuit Court of Appeals. *See Owens & Minor, Inc. v. Ansell Healthcare Products, Inc.*, 251 S.W.3d 481 (Tex. 2008); *see also Ansell Healthcare Products v. Owens & Minor, Inc.*, 251 S.W.3d 499 (Tex. 2008) (per curiam).

The Fifth Circuit asked:

> When a distributer sued in a products liability action seeks indemnification from less than all of the manufacturers implicated in the case, does a manufacturer fulfill its obligation under Texas Civil Practice and Remedies § 82.002 by offering indemnification and defense for only the portion of the distributor's defense concerning the sale or alleged sale of that specific manufacturer's product, or must the manufacturer indemnify and defend the distributor against all claims and then seek contribution from the remaining manufacturers?

*Id.* at 482.

In a five to four decision, the Supreme Court held that Section 82.002 does not require a manufacturer to defend a seller for products that it did not manufacture and therefore a manufacturer satisfies its statutory duties by offering to defend and indemnify a seller only for costs associated with its own products. After that opinion issued, and this case was reopened, United Medical's indemnity claim was tried to the court.

At the trial of this case, United Medical and Ansell both relied on *Owens & Minor* to support their respective positions. United Medical asserted it was entitled to recover all its litigation expenses incurred in the products liability litigation because they all related to Ansell's product regardless of whether they also may have related to other manufacturers' products. Ansell, on the other hand, asserted United Medical could not recover because it failed to present evidence "segregating" the litigation expenses it incurred among all the manufacturers sued, and therefore United Medical's proof necessarily included expenses related to its defense of other manufacturers' gloves.

After hearing the evidence, the trial court entered a take-nothing judgment against United Medical, awarding it none of the expenses it incurred in the litigation. Neither party requested, and the trial court did not make, findings of fact and conclusions of law. This appeal followed.

United Medical raises five issues in which it generally contends the trial court erred in rendering the take-nothing judgment because it showed it was entitled to indemnity as a matter of law. We agree.

A seller's entitlement to statutory indemnity is governed by Section 82.002 of the Texas Civil Practice and Remedies Code. The portion of the statute imposing liability broadly requires that "[a] manufacturer shall indemnify and hold harmless a seller against loss arising out of a products liability action" except for losses caused by the seller's conduct for which the seller is "independently liable." TEX. CIV. PRAC. & REM. CODE ANN. § 82.002(a). The purpose of the statute is to protect innocent sellers by assigning responsibility for the burden of products-liability litigation to product manufacturers. *Petroleum Solutions, Inc. v. Head*, 11-0425, 2014 WL 7204399, at *9 (Tex. Dec. 19, 2014). When the duty to indemnify exists, the seller may recover "court costs and other reasonable expenses, reasonable attorney fees, and any reasonable damages" that it suffered as a result of being brought into an action. TEX. CIV. PRAC. & REM. CODE ANN. § 82.002(b). The seller must "give reasonable notice to the manufacturer of a product claimed in a petition or complaint to be defective, unless the manufacturer has been served as a party or otherwise has actual notice of the action." TEX. CIV. PRAC. & REM. CODE ANN. § 82.002(f); *Gen. Motors Corp. v. Hudiburg Chevrolet, Inc*., 199 S.W.3d 249, 256 (Tex. 2006). The manufacturer's duty to indemnify begins when it receives such notice. *Owens & Minor*, 251 S.W.3d at 483.

Unlike indemnity under the common law, statutory indemnity does not require a finding that the manufacturer was liable or that its particular product actually caused the plaintiff's

injury. *Owens & Minor,* 251 S.W.3d at 483. Instead, indemnification is triggered by a plaintiffs' petition alleging injuries caused by a defective product. *See Hudiburg Chevrolet, Inc.*, 199 S.W.3d 249, 256 (Tex. 2006); *see also Petroleum Solutions,* 2014 WL 7204399, at \*7. Because it is the plaintiff's allegations that are controlling, a manufacturer must indemnify a seller if a plaintiff alleges the seller sold the manufacturer's product, even if it is subsequently determined the seller did not sell the particular product that caused the plaintiff's alleged injuries. *Fitzgerald v. Advance Spine Fixation Systems*, 996 S.W.2d 864, 867 (Tex. 1999). In such cases, a seller is entitled to indemnity because it was brought into the suit "as a seller of the manufacturer's products." *Id*. at 869.

However, Section 82.002 did not alter the common-law requirement that a seller is only entitled to indemnity from a manufacturer whose product was implicated in the plaintiffs' suit. *See Owens & Minor*, 251 S.W.3d at 488. Therefore, when a plaintiff's suit implicates the products of multiple manufacturers, a manufacturer is only required to indemnify the seller for any expenses associated with its own product. *See id*. at 489.

Before addressing the merits of United Medical's arguments, we first address Ansell's contention that United Medical waived any error in the trial court's judgment. As noted previously, the trial court did not make findings of fact and conclusions of law. As a consequence, we must imply all necessary findings in support of the judgment. *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex. 1989) (per curiam); *Dallas Hous. Auth. v. Nelson*, 05-13-00818-CV, 2015 WL 1261953 (Tex. App.—Dallas Mar. 19, 2015, no. pet. h.). On appeal, United Medical has not expressly challenged the sufficiency of the evidence to support any implied findings. According to Ansell, United Medical's failure to do so has resulted in a waiver of its arguments on appeal. *See Affordable Power, L.P. v. Buckeye Ventures, Inc.*, 347 S.W.3d 825, 829-30 (Tex. App.—Dallas 2011, no pet.) (when trial court does not make findings of fact,

we must affirm judgment on any basis supported by record on any applicable legal theory). United Medical, on the other hand, asserts the undisputed facts establish its entitlement to indemnity as a matter of law. Consequently, it asserts the issues presented involve only questions of law, subject to de novo review. *See, e.g., Gramercy Ins. Co., Inc. v. Auction Fin. Program, Inc.*, 52 S.W.3d 360, 363 (Tex. App.—Dallas 2001, pet. denied) (determination as to the proper application of a statute to undisputed facts is a question of law). After reviewing the briefs and the record, we agree with United Medical.

United Medical's argument on appeal is based on its contention that the following facts establish its right to indemnity as a matter of law: (1) United Medical is an innocent seller of latex gloves, (2) the plaintiffs in the underlying action sued United Medical for products liability alleging latex gloves are a defective product, (3) Ansell manufactures latex gloves, and (4) United Medical sold Ansell's gloves to a facility where both plaintiffs had worked during the period of time they alleged latex exposure. Because we agree those facts are undisputed, we will consider whether they establish United Medical's entitlement to indemnity as a matter of law.[1]

Stated simply, the record shows United Medical, an innocent seller, was sued in a products liability action that alleged a product that Ansell manufactures was defective. Under virtually identical circumstances, the Houston First Court of Appeals held Ansell owed a duty to indemnify United Medical. *See Ansell Healthcare Prods, Inc. v. United Medical*, 355 S.W.3d 736, 742 (Tex. App.—Houston 1st Dist. 2011, pet. denied). We likewise conclude, applying the plain text of the statute, Ansell was required to indemnify United Medical. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 82.002(a).

---

[1] Ansell does assert certain facts are disputed. Specifically, (1) whether United Medical may have sold gloves manufactured by others to the hospital where the plaintiffs worked, (2) whether the plaintiffs had actually used or were exposed to Ansell's gloves while working at that hospital, and (3) whether the expenses United Medical was claiming were expended solely in defense of Ansell's gloves. But, as shown below, none of these facts, even if decided against United Medical, would support the trial court's take-nothing judgment.

In reaching this conclusion, we reject Ansell's argument that the plaintiffs' general allegations that each of the defendants had manufactured "and/or" sold the defective product did not "trigger" a duty to defend on *any* manufacturer. According to Ansell, a plaintiffs' pleadings must themselves identify each defendant as either a manufacturer or a seller of the defective product and must further specifically allege the identity of the manufacturer of the product the seller allegedly sold. Ansell's argument is not based on any statutory language but on the Texas Supreme Court's opinion in *General Motors v. Hudiburg Chevrolet, Inc.*, 199 S.W.3d 249 (Tex. 2006).

In *Hudiburg,* the Texas Supreme Court, relying on the statute's definition of a "products liability action," as well as its requirement that notice be given to the manufacturer of a product "claimed in a petition to be defective," held that the statute only requires a manufacturer to indemnify a seller if the plaintiff alleged the product of the manufacturer was defective. *See id.* at 256-57; TEX. CIV. PRAC. & REM. CODE ANN. §§ 82.001(2); 82.002(f) (West 2005). In doing so, the Court explained it would make little sense to require a manufacturer to defend a seller for claims that plaintiffs never made. *Id*. at 257. Ansell has directed us to no similar statutory or similar rationale that would indicate the pleadings must allege a seller sold a particular manufacturer's product. Indeed, the *Hudiburg* Court expressly stated a plaintiff need not sue, or even name, the manufacturer of the product that it has claimed was defective. *Id.* It necessarily follows that the pleadings need not allege the seller sold a particular manufacturers' product before a statutory duty to indemnify can arise.

We further disagree with Ansell to the extent it claims the Supreme Court held otherwise in *Owens & Minor*. In *Owens & Minor*, the underlying plaintiffs filed a products liability action alleging injuries for defective latex gloves "manufactured and sold" by Ansell and numerous other manufacturers and sellers of latex gloves. *See Owens & Minor*, 251 S.W.3d at 482. One

of those sellers sought indemnity from Ansell asserting it could impose liability upon any manufacturer for all its costs in defending the action, "even one that did not make the product." *Id*. at 484. According to the seller, the plaintiffs' broad pleadings triggered an "independent duty" on each manufacturer whose gloves it sold. The Supreme Court did not disagree such a duty had been triggered, but explained the question before it was instead the *scope* of that duty. *Id*. at 484. Further, in determining that scope, the Court held that the text of the statute, not the plaintiff's petition controlled. In analyzing that text, the Court first explained indemnity is premised on a nexus between a given manufacturer and its product. *Id.* at 486. Based on that conclusion, as well as the absurdity of requiring a manufacturer to defend products that it did not manufacture, the Court held that a manufacturer only has a duty to defend a seller for claims relating to its own product.

We cannot agree the Supreme Court imposed the pleading requirement that Ansell suggests and nothing within the text of the statute supports such a requirement.[2] Moreover, a seller does not control the manner in which a plaintiff has pleaded its case and preventing a seller, who meets the statute's express requirements, its right to indemnity would contravene the statute's purpose to protect innocent sellers.[3] Nor is such a pleading requirement necessary to ensure a manufacturer only be required to indemnify a seller for expenses related to its own

---

[2] We acknowledge that in dicta the Supreme Court stated "the pleadings must properly allege that the named defendant is a manufacturer of the product under the statutory definition to establish a nexus between the defendant manufacturer and the product." *Owens & Minor*, 251 S.W.3d at 485-86. In doing so, the Court was applying *Hudiburg's* holding that a plaintiff must allege a defendant's product was defective. *Id.* The Court made this statement in the context of that case, *i.e.* where the seller was relying on the plaintiffs' pleadings to identify the potential manufacturers that owed it a duty to defend. In any event, the plaintiffs' petition in this case was sufficient to allege Ansell was a manufacturer, which is all that the Supreme Court's opinion would require.

[3] According to Ansell, if a plaintiff has failed to clearly allege a seller sold the product of a particular manufacturer, the seller must specially except to the plaintiffs' petition to require the plaintiff to do so. It relies on *Hudiburg* for support. In *Hudiburg*, the Court held that when a plaintiffs' petition was uncertain with respect to whether it was claiming a particular component of a product was defective, the seller's remedy was to specially except to the petition to obtain such clarity. See *Hudiburg*, 199 S.W.3d at 258. Requiring a plaintiff to provide such clarity is entirely reasonable because the identity of the product a plaintiff has caused its injury is necessarily related to the factual basis of its claim. *See Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982) ("[a] petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases its claim"). Inherent in Ansell's argument is that a plaintiff can be required to replead not to provide fair notice of the factual basis of its own claim, but to establish a discrete indemnity claim for a seller it has sued.

product. Although Ansell asserts such pleadings are necessary to enable a manufacturer to determine to what sellers it should offer a defense, a manufacturer can fully protect itself by offering to defend all the sellers named in the pleadings, but only for claims related to its own product.[4]

Finally, we also reject Ansell's argument that United Medical failed to show it was entitled to indemnity because it did not present evidence "segregating" expenses it incurred in defending the latex glove litigation "among" all latex glove manufacturers. According to Ansell, if a plaintiff sues a seller and multiple manufacturers, the seller must pursue indemnity claims against all manufacturers implicated in the suit, even if the seller only sold the gloves of a particular manufacturer. United Medical, on the other hand, asserts there were no expenses to segregate because it sold only Ansell's gloves during the applicable time to the applicable facility.

We begin by noting the issue presented is not whether any other manufacturers may or may not have owed United Medical a duty to indemnify, but whether Ansell owed it such a duty. Further, we disagree with Ansell's contention that if other manufacturers also owed United Medical a duty, United Medical's failure to pursue indemnity claims against them and its failure to "segregate" expenses that could have been shared amongst them precludes United Medical's recovery. To support its contention, Ansell again relies on *Owens & Minor*. According to Ansell, in that case, the Supreme Court imposed a "ban" on a seller "targeting" only some manufacturers. Although not clearly articulated, Ansell seems to assert that to effectively implement that ban, a seller who has pursued only selected manufacturers cannot recover unless it presents evidence "segregating" expenses that relate exclusively to those manufacturers'

---

[4] If a seller did not actually sell that manufacturer's product, but another's, the burden in offering such a defense would be negligible, and would likely be rejected.

products. Ansell asserts part of that evidentiary burden includes apportioning any shared expenses among manufacturers, presumably by assigning a specified percentage to each manufacturer named in the suit.

The Houston First Court of Appeals rejected these precise arguments with respect to these same parties in *Ansell Healthcare Prods, Inc. v. United Medical*. 355 S.W.3d at 742. In that case, United Medical's proof mirrored the proof it offered here. Specifically, it presented evidence of litigation expenses related to Ansell's product, which included expenses that may have also related to the products of other manufacturers. *Id.* But unlike here, the trial court awarded United Medical those expenses. The Houston Court affirmed that judgment rejecting Ansell's argument that United Medical's proof constituted no evidence because it included expenses that were related to defending the gloves of other manufacturers. *Id.* The Houston Court explained that expenses incurred in defending a manufacturer's product are not rendered unrecoverable because they may have also been reasonable and necessary to defend the gloves of others. *Id.* We agree with the Houston court's opinion.

Ansell has neither acknowledged nor attempted to distinguish that court's opinion, asserting only that the Supreme Court's *Owens & Minor* opinion requires a different result. It relies on the Supreme Court's holding that a seller cannot "simply select one or more manufacturers and thereby obligate the chosen manufacturers to fully indemnify the seller's costs *regardless of whether any connection to the product at issue exists.*" *Id*. at 489. (emphasis added). We cannot agree that holding in any way limits a seller's ability to recover from a manufacturer any and all costs and expenses that were related to that manufacturer's product. Indeed, Justice Brister expressly said as much in his concurring opinion. In that opinion, Justice Brister – who had joined the five-justice majority – attempted to "spell out" for the dissent why innocent sellers would continue to enjoy broad protection under the Court's opinion. *Id*. at 490

(Brister, J., concurring). Specifically, he explained that even in a multi-manufacturer case, a seller would still be entitled to recover from any manufacturer "every dime" incurred as if that manufacturer had been the only one sued, which he opined would usually be "most of the dimes." *Id.* Justice Brister further expressly disagreed that a seller must pursue indemnity from each and every manufacturer, rather than picking one or a few, or that expenses must be assessed "pro rata" among the manufacturers sued. *Id.* at 491. Ansell suggests we should disregard Brister's "musings" because they were not "embraced" by the majority. But as noted, Brister was merely purporting to articulate the practical effect of the Court's opinion and how the dissent has misinterpreted that opinion. But in any event, we agree with Justice Brister. To conclude otherwise, we would have to assume the Supreme Court engrafted onto the statute some sort of "anti-targeting" defense or apportionment requirements that are plainly non-existent. We would further have to ignore that at least five justices on that Court expressly would not do so.

Instead, the Supreme Court simply held that a seller can recover from a manufacturer any expenses it incurred that were associated with defending that manufacturer's product, and only those expenses. Here, United Medical sought recovery of expenses that were related to Ansell's gloves. Although the parties disagree on whether all of the expenses United Medical claimed were reasonably expended to defend Ansell's gloves, clearly United Medical presented some evidence of recoverable expenses. *See Ansell Healthcare*, 355 S.W.3d at 743.

Therefore, we reverse the trial court's judgment and remand to the trial court for a determination of the reasonable expenses United Medical incurred in defending Ansell's product as well as its attorney's fees in enforcing its right to indemnity.

/ Ada Brown/
ADA BROWN
JUSTICE

121365F.P05

–12–



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

UNITED MEDICAL SUPPLY COMPANY, INC., Appellant

No. 05-12-01365-CV        V.

ANSELL HEALTHCARE PRODUCTS, INC., Appellee

On Appeal from the 68th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-02-0433-C.
Opinion delivered by Justice Brown. Justices Lang and Myers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant UNITED MEDICAL SUPPLY COMPANY, INC. recover its costs of this appeal from appellee ANSELL HEALTHCARE PRODUCTS, INC.

Judgment entered this 3rd day of April, 2015.