ACCEPTED
06-15-00041-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
12/17/2015 4:03:45 PM
DEBBIE AUTREY
CLERK

No. 06-15-00041-CV

IN THE SIXTH COURT OF APPEALS
AT TEXARKANA, TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
12/17/2015 4:03:45 PM
DEBBIE AUTREY
Clerk

GEARY H. LEE,
Appellant,

v.

ELIZABETH DEANNE HOLOUBEK
F/K/A/ ELIZABETH DEANNE LEE,
Appellee.

Appealed from the County Court at Law
of Rusk County, Texas

APPELLEE'S BRIEF

Clay Wilder
Texas Bar No. 21462500
Wilder & Wilder, P.C.
200 North Main
P. 0. Box 1108
Henderson, Texas 75653-1108
Tel. (903) 657-0561
Fax. (903) 657-5088
E-mail cwilder@suddenlinkmail.com
ATTORNEY FOR APPELLEE

**APPELLEE REQUESTS ORAL ARGUMENT**

# TABLE OF CONTENTS

IDENTITY OF PARTIES & COUNSEL................................. OMITTED

INDEX OF AUTHORITIES........................................... ii

STATEMENT OF THE CASE ...................................... OMITTED

STATEMENT ON ORAL ARGUMENT................................ 1

REPLY TO ISSUES PRESENTED.................................... 2

STATEMENT OF FACTS........................................ OMITTED

SUMMARY OF THE ARGUMENT.................................. 3

ARGUMENT.................................................... 4

    Reply to Issue 1: The trial court did not err in making a contingent-fee based award of attorney's fees.
.................................................................. 4

    Reply to Issue 2: The trial court had legally and factually sufficient evidence to find and award the amount of reasonable and necessary attorney's fees.
.................................................................. 7

    Reply to Issue 3: The trial court had legally and factually sufficient evidence to find and award the amount of an increase over time in appellee's fair share of appellant's paid-out retirement benefit funds.
.................................................................. 12

    Reply to Issue 4: The trial court had legally and factually sufficient evidence on which to base its imposition of a constructive trust.
.................................................................. 15

PRAYER...................................................... 19

CERTIFICATE OF COMPLIANCE................................ 19

CERTIFICATE OF SERVICE..................................... 20

# INDEX OF AUTHORITIES

## CASES

*Ansell Healthcare Products v. Owens & Minor, Inc.*, 189 S.W.3d 889, 902 (Tex. App. - Texarkana 2006), *rev'd on other grounds*, 251 S.W.3d 499 (Tex. 2008) ................................................................................. 10, 12

*Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812 (Tex. 1997) ....................................................................................................... 8

*Associated Indem. Corp. v. CAT Contracting, Inc.*, 964 S.W.2d 276, 285-86 (Tex.1998) ........................................................................................ 10

*AU Pharm, Inc. v. Boston*, 986 S.W.2d 331, 339 (Tex. App. - Texarkana 1999, no pet.) ....................................................................................... 11

*Badger v. Symon*, 661 S.W.2d 163, 164 (Tex. App. - Houston [1st Dist.] 1983, writ ref'd n.r.e.) ............................................................................ 13

*Brockie v. Webb*, 244 S.W.3d 905, 909-10 (Tex. App. - Dallas 2008, pet. denied)............................................................................................. 9

*Burnside Air Conditioning & Heating, Inc. v. T.S. Young Corp.*, 113 S.W.3d 889, 897-98 (Tex. App. - Dallas 2003, no pet.) .................................. 9

*City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753 (Tex. 1995) ............... 13

*City of Houston v. Cotton*, 171 S.W.3d 541, 546 (Tex. App. - Houston [1st Dist.] 2005, pet. denied) ...................................................................... 18

*Clancy v. Zale Corp.*, 705 S.W.2d 820, 826 (Tex. App. - Dallas 1986, writ ref'd n.r.e.) ..................................................................................... 11

*Collins v Guinn*, 102 S.W.3d 825, 837 (Tex. App. - Texarkana 2003, pet. denied) ............................................................................................ 11

*Dalworth Trucking Co. v. Bulen*, 924 S.W.2d 728, 735-36 (Tex. App. – Texarkana 1996, no pet.) ..................................................................... 15

*Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985) .................................................................................................. 14

*EMC Mortg. Corp. v. Davis*, 167 S.W.3d 406, 419 (Tex. App. - Austin 2005, pet. denied) .............................................................................. 9

*Garcia v Gomez*, 319 S.W.3d 638, 641 (Tex. 2010) ......................................... 11

*Gee v. Liberty Mut. Fire Ins. Co.*, 765 S.W.2d 394, 397 (Tex. 1989) .............. 15

*Gray v. Sangrey*, 428 S.W.3d 311 (Texarkana 2014, pet. denied) ...... 15-16, 17

*Lesikar v Rappeport*, 33 S.W.3d 282, 303 (Tex. App. - Texarkana 2000, pet. denied) ................................................................................. 16

*Mar. Overseas Corp. v. Ellis*, 971 S.W.2d 402, 407 (Tex. 1998) ............... 11

*Merch. Ctr., Inc. v. WATS, Inc.*, 85 S.W.3d 389, 397 (Tex. App. - Texarkana 2002, no pet.) ................................................................. 10-11

*Montgomery v. Kennedy*, 669 S.W.2d 309, 313 (Tex. 1984) ...................... 17

*New Braunfels Factory Outlet Ctr. v. IHOP Realty Corp.*, 872 S.W.2d 303, 310 (Tex. App. – Austin 1994, no writ) ................................... 14

*O'Kehie v. Harris Leasing Co.*, 80 S.W.3d 316, 319 (Tex. App. - Texarkana 2002, no pet.) .................................................................. 11

*Pittsburgh Corning Corp. v. Walters*, 1 S.W.3d. 759, 777-78 (Tex. App. – Corpus Christi 1999, pet. denied) ................................................ 14

*Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 881-82 (Tex. 1990) ...................................................................................................... 11

*Slayden v. Palmo*, 194 S.W. 1103 (Tex. 1917) ......................................... 13

*Smith v. McCorkle*, 895 S.W.2d 692 (Tex. 1995) ..................................... 7

*Texas Bank & Trust Co. v. Moore*, 595 S.W.2d 502 (1980) ...................... 17

*Tex. DOT v. Pate*, 170 S.W.3d 840, 846-47 (Tex. App. - Texarkana 2005, pet. denied) ............................................................................................ 12

*Withrow v. State Farm Lloyds*, 990 S.W.2d 432, 435 (Tex. App. - Texarkana 1999) .................................................................................................... 7

*Vingcard A.S. v. Merrimac Hospitality Sys., Inc.*, 59 S.W.3d 847, 870 (Tex. App. – Fort Worth 2001, pet. denied) ...................................................... 9, 10

STATUTES

Tex. Fam. Code §9.011 ............................................................................... 18

Tex. Fam. Code §9.201(a) ............................................................................ 4

Tex. Fam. Code §9.205 ............................................................................. 4, 5

RULES

Tex. Disciplinary R. Prof. Conduct 1.04(b) ................................................. 8

Tex. R. App. Proc. 33.1(a)(1) ............................................................. 6, 7, 13

Tex. R. App. P. 39.1 ..................................................................................... 1

Tex. R. Evid. 103(a)(1) ...................................................................... 6, 7, 13

Tex. R. Evid. 803(17) ...................................................................... 12, 13, 14

Tex. R. Evid. 1006 ..................................................................................... 13

## STATEMENT ON ORAL ARGUMENT

Appellee has requested oral argument, because Appellant had requested oral argument. Appellee suggests, however, that oral argument is unnecessary: the dispositive issues have been authoritatively decided; the facts and arguments are adequately presented in the briefs and in the record; and, this Court's decisional process would not be significantly aided by oral argument. Tex. R. App. P. 39.1.

## REPLY TO ISSUES PRESENTED

1. Reply to Issue 1: The trial court did not err in making a contingent-fee based award of attorney's fees.

2. Reply to Issue 2: The trial court had legally and factually sufficient evidence to find and award the amount of reasonable and necessary attorney's fees.

3. Reply to Issue 3: The trial court had legally and factually sufficient evidence to find and award the amount of an increase over time in appellee's fair share of appellant's paid-out retirement benefit funds.

4. Reply to Issue 4: The trial court had legally and factually sufficient evidence on which to base its imposition of a constructive trust.

# SUMMARY OF THE ARGUMENT

Appellee pleaded for an award of attorney's fees, the trial court was authorized by statute to award attorney's fees, appellee was entitled to an award of attorney's fees, appellee presented evidence as to necessary and reasonable attorney's fees, and appellant tried by consent the issue of a contingent-based fee calculation. The trial court thus was justified and had legally and factually sufficient evidence on which to base its finding and award of the amount of attorney's fees.

Appellant waived any complaint as to the trial court's use of the market rate of return evidence. The trial court otherwise had the discretion to overrule appellant's objection to the admission of such evidence. The trial court thus had legally and factually sufficient evidence on which to base its finding and award of an increase over time in appellee's fair share of appellant's paid-out retirement benefit funds.

And, appellant breached an informal trust on the part of the appellee, resulting in appellant's unjust enrichment traceable to a specific *res* in his Edward Jones account. The trial court thus was justified and had legally and factually sufficient evidence on which to base its imposition of a constructive trust.

## ARGUMENT

1. Reply to Issue 1: The trial court did not err in making a contingent-fee based award of attorney's fees.

A fair reading of the record as a whole demonstrates that appellant, Mr. Lee, conceded that the appellee, Ms. Holoubek, was entitled to some portion of Mr. Lee's retirement benefit funds. *(See, e.g.,* RR 1:61, 1:69-72) Mr. Lee also acknowledged the trial court's previous interlocutory determination of a 35% / 65% equitable division of the respective interests in such funds. *(See, e.g.,* RR 1:62-63) Mr. Lee, however, unequivocally asserted that he would not recognize any obligation to account to Ms. Holoubek for her interest in his paid-out retirement benefit funds, absent an enforceable written court order compelling him to do so. (RR 1:51-52) In short, it was Mr. Lee's attitude, "make me."

Hence, the necessity for Ms. Holoubek to invoke the continuing jurisdiction of the trial court and to pursue post-decree an enforceable written order compelling the distribution of her interest in Mr. Lee's paid-out retirement benefit funds. Tex. Fam. Code §9.201(a). And, her right to invoke the discretionary authority of the trial court to award reasonable and necessary attorney's fees. Tex. Fam. Code §9.205. The trial court expressly so found for Ms. Holoubek. (RR 1:94-95) Was the trial court wrong in doing so?

It is undisputed that Ms. Holoubek pled for additional recovery of an attorney's fee in her last 'live' pleading. (CR 1:32-37) Mr. Lee never raised anything more than a general denial in answer. (CR 1:17) The trial court clearly is authorized by statute to consider Ms. Holoubek's request for attorney's fees. Tex. Fam. Code §9.205. Ms. Holoubek clearly is entitled to an award of reasonable and necessary attorney's fees: Ms. Holoubek was represented by an attorney, Ms. Holoubek was contractually obligated for an attorney fee, and Ms. Holoubek incurred attorney's fees. (RR 1:12-15) It is Mr. Lee's principal complaint that the trial court's basis for the amount awarded is incorrect. (ISS #1)

To begin, Mr. Lee, through his trial counsel, Mr. Shumate, never objected to the testimony of Mr. Wilder as to a reasonable attorney's fee based upon a contingent-fee agreement. (RR 1:76-83) In particular, Mr. Shumate made no objection to the offer and admission of a copy of Ms. Holoubek's written contingent-fee contract with Mr. Wilder, trial exhibit P-9. (RR 1:80-81) Mr. Shumate's cross-examination was confined to the matter of the prior proceedings resulting in the interlocutory determination of the 35% / 65% equitable division of the respective interests in Mr. Lee's retirement benefit funds. (RR 1:83-85) Likewise, Mr. Shumate's closing argument largely was confined to the trial court's determination of the base amount of Ms. Holoubek's fair share of the

retirement benefit funds. (RR 1:91-93) Mr. Shumate's only argument as to an attorney's fee was if, not how much: "We don't think attorney's fees are appropriate -- a separate attorney's fee award is appropriate in this case, because the reason we're here is not Mr. Lee's fault." (RR 1:93)

Mr. Lee, therefore, tried by consent the determination of a contingent-fee based award of attorney's fees, and Mr. Lee has waived any complaint about it. Tex. R. Evid. 103(a)(1); Tex. R. App. Proc. 33.1(a)(1).

Furthermore, Mr. Lee's argument for the first time on appeal concerning *res judicata* is specious because it is inherently contradictory. Mr. Lee, again, acknowledged the trial court's previous interlocutory determination of a 35% / 65% equitable division of the respective interests in his retirement benefit funds. (RR 1:62-63) Ms. Holoubek does not make any complaint about the finding of a 35% / 65% equitable division, *per se*. Ms. Holoubek does complain that such finding was not applied to Mr. Lee's retirement benefit funds and was not reduced to a dollar amount award, which obligation Mr. Lee will not recognize in the absence of an enforceable written court order compelling him to do so. (RR 1:51-52) Mr. Lee, himself, apparently does not consider the prior proceedings determinative of the matter.

His counsel, Mr. Shumate, apparently does not consider it so, either, since he recites in the statement of facts in his brief that no final order or judgment

was prepared on the post-decree determination. (Appellant Brief pg. 7, Statement of Fact 7) On the one hand, similarly to the complaint about the contingent-fee based award of attorney's fees, Mr. Lee through his counsel also never raised any objection in the trial court concerning *res judicata* as a basis to deny any award of attorney's fees. Again, Mr. Lee through his counsel never objected to the testimony of Mr. Wilder as to a reasonable attorney's fee on any such basis, and he never raised any argument concerning *res judicata* as a basis for requesting the trial court to deny any award. Mr. Lee, therefore, has waived any complaint about it. Tex. R. Evid. 103(a)(1); Tex. R. App. Proc. 33.1(a)(1).

On the other hand, the trial court's prior docket notation in 1993 is not *res judicata* of any issue because it patently is not a final judgment. It is just that, a docket notation, which does not constitute a final written order or judgment. *See, e.g., Withrow v. State Farm Lloyds*, 990 S.W.2d 432, 435 (Tex. App. - Texarkana 1999), *citing Smith v. McCorkle*, 895 S.W.2d 692 (Tex. 1995). If it were dispositive and enforceable, then there would be no need for the present proceedings. Instead, a fair reading of the record as a whole demonstrates that Mr. Lee tried by consent the issue of an award of attorney's fees.

---

2. Reply to Issue 2: The trial court had legally and factually sufficient evidence to

find and award the amount of reasonable and necessary attorney's fees.

Any analysis of the reasonableness and necessity of an award of attorney's fees must start with *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812 (Tex. 1997). It is worth noting that *Arthur Andersen* specifically addressed a complaint about the award of attorney's fees calculated as a percentage of recovery, *i.e.*, a contingent fee. *Id.* at 817-18. The Texas Supreme Court considered that a contingent fee may be a reasonable fee, but that a reasonable fee must also be determined with regard to the factors enumerated in Tex. Disciplinary R. Prof. Conduct 1.04(b). *Id.* at 818. The Texas Supreme Court concluded that a party's contingent fee agreement should be considered by the factfinder and is therefore admissible in evidence, but that it alone is not enough evidence. *Id.* The Texas Supreme Court then held that to recover attorney's fees, the litigant must prove that the amount of fees was both reasonably incurred and necessary to the prosecution of the case at bar, and must ask the factfinder to award the fees in a specific dollar amount, not just as a percentage of the judgment. *Id.* Ms. Holoubek, through her trial counsel, Mr. Wilder, did just that. (RR 1:83)

It is not necessary that the record include evidence on each of the *Arthur Anderson* factors, and there is no rigid requirement that the number of hours spent working on the case must be introduced into evidence to support a finding that

8.

attorney's fees are necessary and reasonable. *Brockie v. Webb*, 244 S.W.3d 905, 909-10 (Tex. App. - Dallas 2008, pet. denied) (divorce proceeding). The court can also look at the entire record, the evidence presented on reasonableness, the amount in controversy, the common knowledge of the participants as lawyers and judges, and the relative success of the parties. *Burnside Air Conditioning & Heating, Inc. v. T.S. Young Corp.*, 113 S.W.3d 889, 897-98 (Tex. App. - Dallas 2003, no pet.) (declaratory judgment action).

While there are cases suggesting that a contingency fee agreement *alone* cannot support an award of reasonable and necessary attorney's fees, those cases are beside the point. An award of attorney's fees based on an attorney's testimony regarding the factors listed in *Arthur Anderson*, and *including* whether there is a contingency agreement, has been upheld. *EMC Mortg. Corp. v. Davis*, 167 S.W.3d 406, 419 (Tex. App. - Austin 2005, pet. denied), *citing Vingcard A.S. v. Merrimac Hospitality Sys., Inc.*, 59 S.W.3d 847, 870 (Tex. App. - Fort Worth 2001, pet. denied).

In addition, proof of the difficulty of a particular case is not the only factor to consider when deciding whether attorney's fees are reasonable. *EMC Mortg. Corp., supra.* The Austin court of appeals in *EMC Mortg. Corp.* held that because there was evidence of *some* of the eight *Arthur Anderson* factors supporting the reasonableness of the award of attorney's fees, then the trial court did not abuse its

discretion in awarding the fees it did. *Id.*

Furthermore, the Fort Worth court of appeals in *Vingcard, supra*, addressed a nearly identical closing (jury) argument to the testimony at hand by Mr. Wilder (RR 1:83) - that if damages are X amount, then calculate the percentage amount Y for attorney's fees. The Fort Worth court of appeals held in that circumstance that there was legally and factually sufficient evidence to support the attorney's fee award. *Id.*

When a party without the burden of proof, such as Mr. Lee, here, challenges the legal sufficiency of the evidence (ISS #2), an appellate court must consider all the evidence in the light most favorable to the prevailing party, indulging every reasonable inference in that party's favor. *Associated Indem. Corp. v. CAT Contracting, Inc.*, 964 S.W.2d 276, 285-86 (Tex. 1998). Looking at the evidence in the light most favorable to Ms. Holoubek, it is clear that there was at least *some* evidence to support the trial court's findings. *See, e.g., Ansell Healthcare Products v. Owens & Minor, Inc.*, 189 S.W.3d 889, 902 (Tex. App. - Texarkana 2006), *rev'd on other grounds*, 251 S.W.3d 499 (Tex. 2008).

Was it enough evidence? What constitutes reasonable attorney's fees ordinarily is a question of fact, but clear, direct, uncontroverted evidence of attorney's fees is taken as true as a matter of law, especially when the opposing party has not rebutted the evidence. *Merch. Ctr., Inc. v. WATS,*

10.

*Inc.*, 85 S.W.3d 389, 397 (Tex. App. - Texarkana 2002, no pet.), citing *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 881-82 (Tex. 1990). *See also Collins v Guinn*, 102 S.W.3d 825, 837 (Tex. App. - Texarkana 2003, pet. denied). Mr. Lee through his trial counsel, Mr. Shumate, did not cross-examine the only witness as to attorney's fees, Mr. Wilder, on the issue of the amount of a reasonable and necessary attorney's fee, nor did Mr. Lee present any additional evidence of his own on the issue of a reasonable and necessary attorney's fee. While Mr. Wilder's testimony may have lacked some specifics, it was not merely conclusory. It was some evidence of a reasonable attorney's fee in this case. *See Garcia v Gomez*, 319 S.W.3d 638, 641 (Tex. 2010). *See also O'Kehie v. Harris Leasing Co.*, 80 S.W.3d 316, 319 (Tex. App. - Texarkana 2002, no pet.), *and AU Pharm, Inc. v. Boston*, 986 S.W.2d 331, 339 (Tex. App. - Texarkana 1999, no pet.).

A court of appeals can set aside the finding only if it is so contrary to the overwhelming weight of the evidence that the finding is clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986). The court of appeals may not pass on the witnesses' credibility or substitute its judgment for that of the factfinder, even if the evidence would support a different result. *Mar. Overseas Corp. v. Ellis*, 971 S.W.2d 402, 407 (Tex. 1998). *See also Clancy v. Zale Corp.*, 705 S.W.2d 820, 826 (Tex. App. - Dallas 1986, writ ref'd n.r.e.).

Again, looking at the evidence in such manner, it is clear that there was *sufficient* evidence to support the trial court's findings. *See, e.g., Ansell, supra,* at 902. *See also Tex. DOT v. Pate,* 170 S.W.3d 840, 846-47 (Tex. App. - Texarkana 2005, pet. denied).

---

3. Reply to Issue 3: The trial court had legally and factually sufficient evidence to find and award the amount of an increase over time in appellee's fair share of appellant's paid-out retirement benefit funds.

Mr. Lee further acknowledged at trial that Ms. Holoubek is entitled to some increase over time in her fair share of his paid-out retirement benefit funds. (RR 1:59, 1:67) Again, it is Mr. Lee's principal complaint that the trial court's basis for the amount awarded is incorrect. (ISS #3)

Mr. Lee through his trial counsel, Mr. Shumate, did object as hearsay to Ms. Holoubek's trial counsel's offer of trial exhibit 6 regarding market rates of returns on invested funds, which offer was based on the exception to the hearsay rule contained in Tex. R. Evid. 803(17). (RR 1:72-73) The trial court admitted the exhibit without otherwise expressly ruling on the objection. (RR 1:73)

Mr. Lee's trial counsel, however, did *not* object to Ms. Holoubek's trial counsel's offer of trial exhibit 7 (and 8) regarding the projection of the market rate of return increase over time in her fair share of the paid-out retirement benefit

funds, *as a summary.* (RR 1:73) The trial court admitted the exhibit *as a summary.* (RR 1:73) Ms. Holoubek's trial counsel then went on to introduce *for the record* the resulting amount. (RR 1:73)

It is apparent that Ms. Holoubek's offer of trial exhibit 7, and the resulting amount, as a summary under Tex. R. Evid. 1006, was predicated on the admission of trial exhibit 6 under Tex. R. Evid. 803(17). Mr. Lee, therefore, waived his objection to the *use* of trial exhibit 6 as the basis for the trial court's finding and award of the amount of Ms. Holoubek's fair share of the paid-out retirement benefit funds including the increase over time.

First and foremost, a party must object to the admission of evidence. If a party does not, then the party waives any error in its admission and waives any complaint on appeal. Tex. R. Evid. 103(a)(1); Tex. R. App. Proc. 33.1(a)(1). If a party objects the first time the evidence is offered, but the party does *not* object the *next* time the same evidence is introduced, then the party waives any objection. *See, e.g., Badger v. Symon,* 661 S.W.2d 163, 164 (Tex. App. - Houston [1st Dist.] 1983, writ ref'd n.r.e.), *citing Slayden v. Palmo,* 194 S.W. 1103 (Tex. 1917). Mr. Lee failed to do just that and thus waived any complaint.

Assuming otherwise that Mr. Lee did not waive any complaint, then the trial court has the sound discretion to admit the evidence over the objection. *See City of Brownsville v. Alvarado,* 897 S.W.2d 750, 753 (Tex. 1995). Did the trial court abuse

13.

its discretion in so admitting exhibit 6? *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

Tex. R. Evid. 803(17) provides that "(m)arket quotations, lists, directories, or other compilations that are generally relied on by the public or by persons in particular occupations" are not excluded by the rule against hearsay. *See, e.g., New Braunfels Factory Outlet Ctr. v. IHOP Realty Corp.*, 872 S.W.2d 303, 310 (Tex. App. - Austin 1994, no writ), *and Pittsburgh Corning Corp. v. Walters*, 1 S.W.3d 759, 777-78 (Tex. App. - Corpus Christi 1999, pet. denied).

As pointed out by Ms. Holoubek's trial counsel in support of admission, trial exhibit 6 was "a product of the Edward Jones Group where [Mr. Lee's] money is invested, and he's testified that he has confidence and relies on them." (RR 1:73) Mr. Lee offered no rebuttal to that assertion, nor did Mr. Lee's trial counsel offer any argument against the characterization or underlying reliability of the market evidence. When one considers the document's contents in light of the record as a whole, can one say that the trial court's admission of such evidence was without reference to any guiding rules and principles and instead was arbitrary or unreasonable? *Downer, supra.* The record here, just as in *Downer*, contains no indication that the trial court was capricious, arbitrary, or unreasonable, and thus the reviewing court should hold that the trial court did not abuse its discretion. *Downer* at 243. Additionally, even if the trial court's

14.

admission of exhibit 6 were improper, any such error was not harmful and hence not reversible, since the trial court also had before it the other competent evidence of the exhibit 7 summary and the resulting amount without objection. *See Dalworth Trucking Co. v. Bulen*, 924 S.W.2d 728, 735-36 (Tex. App. - Texarkana 1996, no pet.), *citing Gee v. Liberty Mut. Fire Ins. Co.*, 765 S.W.2d 394, 397 (Tex. 1989).

---

4. Reply to Issue 4: The trial court had legally and factually sufficient evidence on which to base its imposition of a constructive trust.

It also is undisputed that Ms. Holoubek pled for imposition of a constructive trust in her last 'live' pleading (CR 1:32-37), and that Mr. Lee never raised anything more than a general denial in answer (CR 1:17). The trial court stated in the pronouncement of judgment that "one of the premises of the law is that when you're in control of someone else's money, there's certain obligations that arise, certain legal responsibilities, as well as equitable responsibilities to account and keep an accounting and pretty much kind of be responsible for their money." (RR 1:93-94) "So the Court will enter a judgment in favor of Ms. Holoubek for $76,935.68 and establish that those funds were adequately traced to the Edward Jones account . . ." (RR 1:94) Was the trial court wrong?

This Court quite recently reviewed the imposition of a constructive trust in the case of *Gray v. Sangrey*, 428 S.W.3d 311 (Texarkana 2014, pet denied). This

15.

Court in *Gray* considered that a constructive trust is a legal fiction, that is, a creation of equity to prevent one from profiting from wrongful acts. *Id.* at 315 (citations omitted). Further, that such trusts are remedial in character and have the function of redressing unjust enrichment in keeping with basic principles of equity and justice. *Id.* Further, that to obtain a constructive trust, the proponent must show (1) the breach of a special trust, fiduciary relationship, or actual fraud, (2) unjust enrichment of the wrongdoer, and (3) tracing to an identifiable *res. Id. See also Lesikar v Rappeport*, 33 S.W.3d 282, 303 (Tex. App. - Texarkana 2000, pet. denied).

Ms. Holoubek testified that she was not aware of any of the details concerning Mr. Lee's retirement benefit funds at the time (RR 1:10, 1:15-20); that in hindsight she did not think Mr. Lee ever intended for her to have her share (RR 1:20); that she did not recall any contemporaneous conversation with him about his decision to retire in 2006 (RR 1:23-24); that she otherwise had not had any conversation with him in years (RR 1:27); and, that he had always been controlling of their financial affairs (RR 1:33). Mr. Lee's testimony best may be encapsulated in the following exchange:

Q    So you intended to keep it all?

A    Why shouldn't I?

(RR 1:37). The answer is, as a matter of equity and in all fairness.

16.

The Texas Supreme Court in *Texas Bank & Trust Co. v. Moore*, 595 S.W.2d 502 (1980), cited by this Court in *Gray, supra,* considered that the term "fiduciary" contemplates fair dealing and good faith, rather than legal obligation, as the basis of the transaction. *Texas Bank*, 595 S.W.2d at 507. Further, that the term includes those informal relations which exist whenever one party trusts and relies upon another, as well as technical fiduciary relations. *Id.* And, that it exists in all cases in which confidence has been reposed and betrayed, that the origin of such confidence is immaterial, and that its origin may be moral, social, domestic, or even merely personal. *Id.* Such informal circumstances are not subject to hard and fast lines, and even strained existing relations between the parties do not lessen the duty of full and complete disclosure. *Id.* at 508. *See also Montgomery v. Kennedy*, 669 S.W.2d 309, 313 (Tex. 1984).

The trial court in this case clearly was cognizant of these principles when he stated that "when you're in control of someone else's money, there's certain obligations that arise, certain legal responsibilities, as well as equitable Responsibilities . . . " (RR 1:93) The trial court thus was justified in imposing a constructive trust as a matter of equity and in all fairness, because the trial court had sufficient evidence before it to find a breach of trust and unjust enrichment by Mr. Lee, traceable to a specific *res* in his Edward Jones account. *Gray, supra.*

17.

Finally, Ms. Holoubek points out that Tex. Fam. Code §9.011 specifically authorizes the imposition of a constructive trust in just this situation where she has an undistributed interest in Mr. Lee's paid-out retirement benefit funds:

- (a) The court may, by any remedy provided by this chapter, enforce an award of the right to receive installment payments or a lump-sum payment due on the maturation of an existing vested or nonvested right to be paid in the future.

- (b) The subsequent actual receipt by the non-owning party of property awarded to the owner in a decree of divorce or annulment *creates a fiduciary obligation* in favor of the owner and *imposes a constructive trust* on the property for the benefit of the owner. (emphasis added)

The trial court therefore was even more justified than he actually may have known, and the trial court had the legally and factually sufficient evidence on which to base the imposition of a statutory constructive trust. Tex. Fam. Code §9.011(b).

Thus, the trial court's conclusions of law should be upheld and the imposition of a constructive trust should be sustained, based on either correct legal theory, both of which are adequately supported by the evidence. *See, e.g., City of Houston. v. Cotton,* 171 S.W.3d 541, 546 (Tex. App. - Houston [1st Dist.] 2005, pet. denied).

18.

## PRAYER

For the reasons stated, appellee asks the Court to overrule appellant's issues and to affirm the trial court's judgment.

Respectfully submitted,

_____
Clay Wilder
Texas Bar No. 21462500
Wilder & Wilder, P.C.
200 North Main
P. O. Box 1108
Henderson, Texas 75653-1108
Tel. (903) 657-0561
Fax. (903) 657-5088
E-mail
cwilder@suddenlinkmail.com
ATTORNEY FOR APPELLEE

## CERTIFICATE OF COMPLIANCE

I certify that this document was computer generated utilizing Microsoft Word and that it contains 4,917 words, as determined by the word-count function.

_____
Clay Wilder

19.

## CERTIFICATE OF SERVICE

I certify that on December 17, 2015, I served a copy of Appellee's Brief on the

Appellant through his attorney of record, Joe Shumate, via facsimile 903-655-8211

Clay Wilder

20.